# Exhibit
# A-1



AlaFile E-Notice

To: R. STEVEN COLE
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:      10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: KOSIMOV FARRUKHBEK (PRO SE)
67 NORWOOD AVENUE
APT B
DALY, CA, 94015-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:     10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:     10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:     10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date: 10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:     10/26/2022 7:51:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260







251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

9214 8901 7301 4103 2200 0683 77

**03-CV-2022-901131.00**

To: WABASH NATIONAL SERVICES, L.P.
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL 35242

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL**
**03-CV-2022-901131.00**

The following complaint was FILED on 10/26/2022 7:51:10 AM

Notice Date:     10/26/2022 7:51:10 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-901131.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL

**NOTICE TO:** WABASH NATIONAL SERVICES, L.P., C/O CORPORATE CREATIONS 4000 EAGLE POINT CORP DR, BIRMINGHAM, AL 35242

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), R. STEVEN COLE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 600 UNIVERSITY PARK PLACE, SUITE 250, BIRMINGHAM, AL 35209

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of POOLE NATHAN

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 10/26/2022 | /s/ GINA J. ISHMAN | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ R. STEVEN COLE
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

In _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____
*(Address of Server)*

_____
*(Type of Process Server)*      *(Server's Signature)*

_____
*(Server's Printed Name)*      *(Phone Number of Server)*

ncel


**UNITED STATES POSTAL SERVICE**

October 28, 2022

Dear Circuit Clerk:

| **UJS Information** | |
|---|---|
| Case Number: 03-CV-2022-901131.00<br>Document Type: Amended Complaint<br>Restricted Delivery Requested: No | Intended Recipient:<br> WABASH NATIONAL SERVICES, L.P. (D004)<br>C/O CORPORATE CREATIONS<br>4000 EAGLE POINT CORP DR<br>BIRMINGHAM, AL 35242 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4103 2200 0683 77.**

## Item Details

**Status:**                    Delivered, Front Desk/Reception/Mail Room

**Status Date / Time:**        October 28, 2022, 12:17 pm

**Location:**                  BIRMINGHAM, AL 35242

**Postal Product:**            First-Class Mail®

**Extra Services:**            Certified Mail™

                               Return Receipt Electronic

## Recipient Signature

Signature of Recipient:    ＫＢ ＰＲＹＧＧ ＶＰ
                           Corp Creations

Address of Recipient:      ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

ncel



AlaFile E-Notice

03-CV-2022-901131.00
Judge: JIMMY B POOL

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00
Judge: JIMMY B POOL

To: KOSIMOV FARRUKHBEK (PRO SE)
67 NORWOOD AVENUE
APT B
DALY, CA, 94015-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00
Judge: JIMMY B POOL

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00
Judge: JIMMY B POOL

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following matter was served on 10/28/2022

**D004 WABASH NATIONAL SERVICES, L.P.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

| State of Alabama | ORDER TO APPEAR | Cas | ELECTRONICALLY FILED |
| Unified Judicial System | (SUBPOENA) | | 11/2/2022 11:10 AM |
| Form C-13 (front)  Rev. 4/18 | | 03-( | 03-CV-2022-901131.00 |
| | | | CIRCUIT COURT OF |
| | | | MONTGOMERY COUNTY, ALABAMA |
| | | | GINA J. ISHMAN, CLERK |

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
☐ (For Juvenile cases only):
☐ In the Matter of _____

CITY OF MONTGOMERY POLICE DEPARTMENT

CUSTODIAN OF RECORDS

▉▉▉▉▉▉▉▉▉▉▉▉▉

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
     You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:  R. STEVEN COLE 600 UNIVERSITY PARK PLACE, SUITE 250 BIRMINGHAM, AL 35209 (205) 879-9661.

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

| DATE: | 12/02/2022 09:00 AM |
| ROOM: | MANN & POTTER, P.C. |
| ADDRESS: | 600 UNIVERSITY PARK PLACE |
| | SUITE 250 |
| | BIRMINGHAM, AL 35209 |
| DATE ISSUED: | 11/2/2022 |

Produce to Mann & Potter, P.C., the documents requested in the attached "Civil Subpoena for Production of Documents"

/s/ GINA J. ISHMAN
_____
Signature of Court Clerk          Deputy Clerk Initials

**TO ANY SHERIFF OF THE STATE OF ALABAMA** You are ordered to serve this order on the above named person and make return to this **OR ANY AUTHORIZED PERSON:**          court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to
_____
          on          _____

_____
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                              Deputy Sheriff

## NOTICE

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
11/2/2022 11:10 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE; SADIE GAITHER; )
                            )
    Plaintiffs,              )
                            )
v.                          )    CIVIL ACTION NO.:  CV-2022-901131
                            )
FARRUKHBEK KOSIMOV; et al.,  )
                            )
    Defendants.             )

## CIVIL SUBPOENA FOR THE PRODUCTION OF DOCUMENTS
## PURSUANT TO RULE 45(a)

**TO:    Custodian of Records**
        **City of Montgomery Police Department**

        You are hereby commanded to do each of the following acts at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

        That you produce and permit the Plaintiffs to inspect and copy each of the following items and documents:

1.      **A CERTIFIED COPY** of your complete file including, but not limited to Crash Report Case No. 1647691, accident report, photographs, citations, arrest records, notes, diagrams, body camera, dash-cam videos of the accident investigation, witness statements, diagrams, accident evaluations, measurements, log books, 911 calls, telephone recordings, videos of the incident, audio of the incident, squad video footage, and any information in your possession relating to the accident which occurred on May 3, 2021 at approximately 03:04 p.m. on Interstate 85 at or near Wares Ferry Road and Chantilly Parkway in Montgomery County, Alabama involving Farruknbek Kosimoy; Nathan Henry Poole and Sadie Gaither.

        You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

                                    _____
                                    CLERK

_____
Date Issued

You have the option to deliver or mail legible copies of things to **Steven Cole, MANN & POTTER, P.C., 600 University Park Place, Suite 250, Birmingham, Alabama 35209**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO THE RECORDS BEING SUBMITTED.**

The Plaintiff agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

In accordance with the federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1.  We have made a good faith attempt to provide the Patient, through his/her counsel, with a copy of this civil subpoena.

2.  This civil subpoena includes sufficient information about the litigation proceeding in which the above-described information is requested to permit the Patient to raise an objection.

3.  The time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

Accordingly, you may disclose the requested information in compliance with the HIPAA Privacy Rules.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection. Please see the reverse of this document for duties in responding to said subpoena.

<div style="margin-left: 40%;">

s/Steven Cole
Steven Cole
E-mail: steven@mannpotter.com
Attorney Code: COL179

Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

</div>

2

## RETURN ON SERVICE

I hereby certify that I have served a copy of this subpoena on

this the _____ day of _____, 20___.


_____

SIGNATURE - SHERIFF/PROCESS SERVER


_____

NAME (PRINTED)


_____

ADDRESS


_____

CITY, STATE, ZIP


_____

PHONE

3

**(c) Protection of Persons Subject to Subpoenas.**

(1)   A party or an attorney responsible for the issuance and service or a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena ..vas issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this role, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party' or attorney.   If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been mad, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A)   On timely motion, the court by which a subpoena is issued shall quash or modify, the subpoena if it

   (i)      fails to allow reasonable time for compliance:

   (ii)     requires a resident of this state who is not a party, or an officer of a party, to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party, or an officer of a party, to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

   (iii)    requires disclosure of privileged or other protected matter and no exception or waiver applies, or

   (iv)     subjects a person to undue burden.

(B) If a subpoena

   (i)      requires disclosure of a trade secret or other confidential research, development, or commercial information, or

   (ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

   (iii)    requires a person who is not a party or an officer of a party, to incur substantial expense to travel more than 100 miles to attend trial.

the court may, to protect a person subject to or affected by the subpoena, quash or modify, the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)   A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)   When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

4

ELECTRONICALLY FILED
11/2/2022 11:10 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**ALABAMA UNIFORM TRAFFIC CRASH REPORT**

AST-27
REV. 06/08

Check if Amendment ☐
Check if Error Correction ☑

Sheet 1

| # Vehicles | # Pedestrians | # Injured | # Fatalities | # Unit 1 Type | Unit 2 T |
|---|---|---|---|---|---|
| 2 | 0 | 0 | 0 | 11 | 1 |

## LOCATION AND TIME

| Date | | | Time | Day of Week | County | | City |
|---|---|---|---|---|---|---|---|
| 05 | 03 | 2021 | 03:04 PM | Mon | Montgomery | | Rural Montgomery |
| Month | Day | Year | | | | | N/A |

| Hwy Class. | On Street, Road, Highway | At Intersection of or Between (Node 1) | And (Node 2) |
|---|---|---|---|
| 1 | I-85 | WARES FERRY ROAD | CHANTILLY PARKWAY |

(On) Street/ Road/Hwy <--- Code    1085

<--- --->   1  2

Node Code 7637    8054    2.00 Miles    From Node 1

| Mile Post | Control Access | Primary Contrib Circums | Primary Contributing | First Harmful Event | First Harmful Event | Most Harmful Event |
|---|---|---|---|---|---|---|
| 15.0 | Hwy Loc 1 | 98 | Unit # Unknown | 22 | Location 1 | 22 |

| Distance to Fixed Object | Roadway Junction/ | Manner of | Lat Coordinate | Long Coordinate | Coordinate Type | Hwy Side |
|---|---|---|---|---|---|---|
| N/A feet | Feature 1 | Crash 10 | 32° 21' 48.192" N | 86° 9' 41.040" W | 2 | 2 |

| School Bus Related | Crash Severity | Distracted Driving |
|---|---|---|
| 1 | O | 97 |

### UNIT 1 — LEFT SCENE — COM VEH

☑ VEHICLE or NON-MOTORIST

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| FARRUKNBEK KOSIMOY | 67 NORWOOD | DALE CITY CA | 94015 | |

DOB: Month Day Year

| Race | Sex | DL State | Driver License No. | | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|
| | 98 | 1 | CA | | A | C | 97 | C | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| WEAMR | No |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| PENN STAR INSURANCE | PAV0284507 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol/Drugs: No | Type Alcohol Test Given | Alcohol Test Results | Type Drug Test Given | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | No | | 6 | N/A | 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 22 | I-85 | 1085 | 3 | 98 | 0 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location |
|---|---|---|---|---|---|
| | 22 | 97 | 97 | 97 | 1 |

Areas Damaged Are Shaded

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 2019 | INTL | PRO STAR | 97 | 3HSDZAPR6KN312312 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| WEAMR | | TN | 2021 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| 170 NORTH LIGHT PASSE | LAKE IN THE HILL | IL | 60156 |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 11 | 6 | 97 | 3 | 2 | 1 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 1 | No | N/A | 4 | 70 MPH | 70 MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 1 | 3 | 97 |

Towed To Where: 97

14 — Under Carriage

Point of Initial Impact 97

### UNIT 2 — LEFT SCENE — COM VEH

☑ VEHICLE or NON-MOTORIST

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| NATHAN HENRY POOLE | 4355 CASADE RD SW APT E1 | ATLANTA GA | 30331 | |

DOB: Month Day Year

| Race | Sex | DL State | Driver License No. | | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|
| | 2 | 1 | GA | | C | C | 97 | 97 | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| Unemployed | No |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| LIBERTY MUTUAL INSURANCE | AOS-251-946338-4007 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol/Drugs: No | Type Alcohol Test Given | Alcohol Test Results | Type Drug Test Given | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | No | | 6 | N/A | 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 22 | I-85 | 1085 | 3 | 97 | 0 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location |
|---|---|---|---|---|---|
| | 22 | 97 | 97 | 97 | 1 |

Areas Damaged Are Shaded

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 1997 | INFI | G35 | 2 | JNKCV51E93M014173 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| Same | | GA | 2021 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| Same | | | |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 1 | 1 | 97 | 97 | 97 | 97 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 1 | N/A | N/A | 1 | 70 MPH | 70 MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 2 | 3 | 97 |

Towed To Where: 97

14 — Under Carriage

Point of Initial Impact 2

## Seating Position Codes

| 2, 4, or 6 Passenger | 9 Passenger (add): | 12 Passenger (add): | Bicycle, Motorcycle, ATV | 12 - Pedestrian | 16 - Not in Passenger Compartment |
|---|---|---|---|---|---|
| 1 2 3 | 7 8 9 | 17 18 19 | 10 | 13 - Rider of Domestic Animal | 97 - Not Applicable |
| 4 5 6 | | | 11 | 14 - Occ. of Non-Motorized Vehicle | 98 - Other (Explain) |
| | | | | 15 - Passenger of Bus | 99 - Unknown |

## UNINJURED OCCUPANTS

| Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 2 | 2 | 8 | 1 | 1 | 09/25/1994 | 2 | 1 | 1 | 2 | 2 | 8 | 1 | 1 | 02/11/1967 |
| 2 | 3 | 2 | 2 | 2 | 8 | 2 | 1 | 09/12/1967 | | | | | | | | | |

## DIAGRAM



NOT TO SCALE

I-85

## NARRATIVE

UNIT 1 AND UNIT 2 WERE TRAVELING SOUTHBOUND ON I-85. THE DRIVER OF UNIT 1 STATED, THAT IT WAS RAINING HARD AND HE WAS ABOUT TO EXIT OFF DUE TOO THE WEATHER. THE DRIVER OF UNIT 1 ALSO STATED, THAT HE DID NOT HIT THE OTHER VEHICLE. THE DRIVER OF UNIT 2 STATED, THAT HE WAS IN THE LEFT LANE AND THE 18 WHEELER CAME OVER IN HIS LANE AND STRUCK HIS VEHICLE. UNIT 1 DID NOT HAVE NO VISIBLE DAMAGE TO HIS VEHICLE. UNIT 2 HAD MINOR DAMAGE TO THE PASSENGER SIDE AND SIDE MIRROR. UNIT 1 AND UNIT 2 CAME TO A CONTROLLED FINAL REST OFF THE ROADWAY ON THE RIGHT SIDE. AT THIS TIME I CAN NOT DETERMINE WHICH VEHICLE, IS THE PRIMARY CONTRIBUTING UNIT.

## ROADWAY ENVIRONMENT

| Unit No. | 1 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 2 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | Workzone Law Enforcement Present? | 97 | Contributing Circumstances Environment | 2 | Contrib Matl in Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscured By | 1 | Traffic Control | 1 | Traffic Control Functioning | 97 | Opposing Lane Separation | 3 | Trafficway Lanes | 4 | Turn Lanes | 1 | One-Way Street | No | Total # Occupants in Unit | 1 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |
| Total Number of Units | 2 | | Light | 1 | | Weather | 5 | | Locale | 1 | | Police Present? | No | | DOT Railroad Crossing No | N/A | | | |

# ROADWAY ENVIRONMENT

| Unit No. | 2 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 2 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | | Workzone Law Enforcement Present? | 97 | Contributing Circumstances Environment | 2 | Contrib Matl In Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscured By | 1 | Traffic Control | 1 | Traffic Control Functioning | | Traffic Control | 97 | Opposing Lane Separation | 3 | Trafficway Lanes | 4 | Turn Lanes | 1 | One-Way Street | No | Total # Occupants in Unit | 2 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |

| Total Number of Units | Light | Weather | Locale | Police Present? | DOT Railroad Crossing No. |
|---|---|---|---|---|---|
| 2 | 1 | 5 | 1 | No | N/A |

# INVESTIGATION

Name of Photographer: N/A

| Time Police Notified | Time Police Arrived | Time EMS Arrived | EMS Response Run # |
|---|---|---|---|
| 03:06 PM | 03:30 PM | N/A | N/A |

| Name of Investigating Officer | Officer ID | Agency ORI |
|---|---|---|
| D L MCTIER | 1908 | ALDPS03D0 |

| Name of Investigating Officer | Officer ID | Agency ORI |
|---|---|---|
| | | |

The data on this report reflects the best knowledge, opinion, and belief regarding the crash, but no warrant is made as to the factual accuracy thereof.

# LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Report Header | Unit Type | 1 | Passenger car | Driver | Place of Employment | Unempl oyed | Unemployed |
| Report Header | Unit Type | 11 | Tractor / semi-trailer | Driver | Race | 2 | Black / African-American |
| Location And Time | Contributing Circumstance | 98 | Other (explain in narrative) | Driver | Race | 98 | Other (explain in narrative) |
| Location And Time | Contributing Unit | 0 | Unknown | Driver | Residence Within 25 Miles | No | No |
| Location And Time | Controlled Access Highway Location | 1 | Main road | Driver | Travel Direction | 3 | South |
| Location And Time | Coordinate Status | Known | Known | Vehicle | Attachment | 1 | None |
| Location And Time | Coordinate Type | 2 | From GPS | Vehicle | Attachment | 4 | Other semi trailer |
| Location And Time | Crash Manner | 10 | Sideswipe, same direction | Vehicle | Body | 2 | Four door |
| Location And Time | Crash Severity | O | Property damage only | Vehicle | Body | 97 | Not applicable - not passenger car, personal van. or SUV |
| Location And Time | Distance Node Unit | 20 | Miles | Vehicle | Citation Offense | 99 | None |
| Location And Time | Distracted Driving | 97 | Not applicable (not distracted) | Vehicle | Damage Severity | 1 | None visible |
| Location And Time | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Damage Severity | 2 | Minor |
| Location And Time | Highway Classification | 1 | Interstate | Vehicle | Defect | 1 | None |
| Location And Time | Highway Side | 2 | Southbound | Vehicle | Emergency Status | 97 | Not applicable |
| Location And Time | Roadway Feature | 1 | No special feature | Vehicle | Estimated Speed Code | | Not set |
| Location And Time | School Bus Related | 1 | No school bus involved | Vehicle | Hazardous Cargo | 1 | None |
| Location And Time | Time Display Format | 10 | Standard | Vehicle | Hazardous Cargo | 97 | Not applicable |
| Driver | Alcohol Test Type | 6 | No Test Given | Vehicle | Hazardous Cargo Release Type | 97 | Not applicable |
| Driver | Commercial Driver License Status | 97 | Not applicable / unlicensed | Vehicle | K12 Vehicle Going To Or From School | 0 | Not Set |
| Driver | Commercial Driver License Status | C | Current / valid | Vehicle | Make | INFI | Infiniti |
| Driver | Contributing Circumstance | 97 | Not applicable | Vehicle | Make | INTL | Internal Harvester / Transtar |
| Driver | Contributing Circumstance | 98 | Other (explain in narrative) | Vehicle | Non-Motorist Action | 0 | Not Set |
| Driver | Driver Address Code | 0 | Not Set | Vehicle | Non-Motorist Location | 0 | Not Set |
| Driver | Driver Condition | 1 | Apparently normal | Vehicle | Oversized Load | N/A | NotApplicable |
| Driver | Driver License Class Code | 0 | Not set | Vehicle | Oversized Load | No | No |
| Driver | Driver License Endorsement | 97 | Not applicable | Vehicle | Oversized Load Permit | N/A | NotApplicable |
| Driver | Driver License Number | 0 | Not set | Vehicle | Owner Address Code | 0 | Not Set |
| Driver | Driver License Restriction | 97 | Not applicable | Vehicle | Owner Address Code | Same | Same |
| Driver | Driver License State Code | 0 | Not set | Vehicle | Owner Name Code | | Not Set |
| Driver | Driver License Status | C | Current / valid | Vehicle | Owner Name Code | Same | Same as driver |
| Driver | Driver Name Code | 0 | Not Set | Vehicle | Placard Requirement | 2 | No |
| Driver | Drug Test Result | 97 | Not applicable | Vehicle | Placard Requirement | 97 | Not applicable |
| Driver | Drug Test Type | 4 | No test given | Vehicle | Placard Status | 3 | Not applicable (placard not required) |
| Driver | Gender | 1 | Male | Vehicle | Tag Number | | Not set |
| Driver | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Tag State | 0 | Not set |
| Driver | Liability Ins. Policy Code | 0 | Not Set | Vehicle | Tag Year | 0 | Not set |
| Driver | Liability Insurance NAIC Number Code | | Not Set | Vehicle | Tow Status | 3 | Not towed |
| Driver | Maneuver | 1 | Movement essentially straight | Vehicle | Towed Code | 97 | Not applicable |
| Driver | Phone Number Code | 0 | Not Set | Vehicle | Unit Type | 1 | Passenger car |
| Driver | Place of Employment | | Not Set | Vehicle | Unit Type | 11 | Tractor / semi-trailer |

# LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|----------|----------|------|-------------|----------|----------|------|-------------|
| Vehicle | Usage | 1 | Personal vehicle | | | | |
| Vehicle | Usage | 6 | Cargo Transportation | | | | |
| Vehicle | VIN | 0 | Not set | | | | |
| Vehicle | Year | | Not set | | | | |
| Uninjured Occupants | Age Code | 8 | 26 - 64 | | | | |
| Uninjured Occupants | Airbag | 2 | Not deployed, no switch | | | | |
| Uninjured Occupants | Birth Date Code | 0 | Not Set | | | | |
| Uninjured Occupants | Ejection Status | 1 | Not ejected or trapped | | | | |
| Uninjured Occupants | Gender | 1 | Male | | | | |
| Uninjured Occupants | Gender | 2 | Female | | | | |
| Uninjured Occupants | Occupant Type | 1 | Driver | | | | |
| Uninjured Occupants | Occupant Type | 2 | Passenger | | | | |
| Uninjured Occupants | Safety Equipment | 2 | Shoulder and lap belt used | | | | |
| Roadway Environment | Environmental Contributing Circumstance | 2 | Weather | | | | |
| Roadway Environment | Light Condition | 1 | Daylight | | | | |
| Roadway Environment | Locale | 1 | Open country | | | | |
| Roadway Environment | Opposing Lane Separation | 3 | Unpaved surface | | | | |
| Roadway Environment | Road Bridge Condition | 1 | None apparent | | | | |
| Roadway Environment | Road Surface Type | 1 | Asphalt | | | | |
| Roadway Environment | Roadway Condition | 2 | Wet | | | | |
| Roadway Environment | Roadway Curvature And Grade | 1 | Straight, level | | | | |
| Roadway Environment | Roadway Material | 1 | None | | | | |
| Roadway Environment | Roadway Material Source | 97 | Not applicable | | | | |
| Roadway Environment | Traffic Control | 1 | No controls present | | | | |
| Roadway Environment | Traffic Control Status | 97 | Not applicable | | | | |
| Roadway Environment | Trafficway Lane Count | 4 | Four lanes | | | | |
| Roadway Environment | Turn Lane Presence | 1 | None | | | | |
| Roadway Environment | Vision Obscuration | 1 | Not obscured | | | | |
| Roadway Environment | Weather Condition | 5 | Rain | | | | |
| Roadway Environment | Workzone Law Encorcement Presence | 97 | Not applicable | | | | |
| Roadway Environment | Workzone Relationship | 1 | Not in / related to workzone | | | | |
| Roadway Environment | Workzone Type | 97 | Not applicable | | | | |



AlaFile E-Notice



ELECTRONICALLY FILED
11/2/2022 11:10 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

03-CV-2022-901131.00

Judge: JIMMY B POOL

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

A court action was entered in the above case on 10/24/2022 3:42:31 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           JBP

Notice Date:     10/24/2022 3:42:31 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
10/24/2022 3:42 PM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

POOLE NATHAN, )
GAITHER SADIE, )
Plaintiffs, )
)
V. ) Case No.: CV-2022-901131.00
)
KOSIMOV FARRUKHBEK, )
VAMAR, INC., )
RYDER TRUCK RENTAL, LT, )
Defendants. )

### HIPAA ORDER IN A CIVIL ACTION

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor; administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health care administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order Is Intended to authorize such disclosures under Section 164.512(2)(1) of the privacy regulations Issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient=s mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

**DONE this 24th day of October, 2022.**

                                        **/s/ JIMMY B POOL**
                                        **CIRCUIT JUDGE**



AlaFile E-Notice

03-CV-2022-901131.00

To: R. STEVEN COLE
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:     11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: KOSIMOV FARRUKHBEK (PRO SE)
67 NORWOOD AVENUE
APT B
DALY, CA, 94015-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:      11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:     11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date: 11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:     11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To:  GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:      11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:     11/2/2022 11:10:23 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

USPS CERTIFIED MAIL



9214 8901 7301 4103 2200 0698 31

03-CV-2022-901131.00

To: CITY OF MONTGOMERY POLICE DEPARTMENT
CUSTODIAN OF RECORDS

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
### 03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:10:23 AM

Notice Date:     11/2/2022 11:10:23 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260

**ORDER TO APPEAR**
**(SUBPOENA)**

Cas
03-(

ELECTRONICALLY FILED
11/2/2022 11:12 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of _____
☑ NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
(For Juvenile cases only):
☐ In the Matter of _____

MONTGOMERY COUNTY SHERIFF'S DEPARTMENT

CUSTODIAN OF RECORDS

████████████████

A.  Issued at the request of :
1. ☑ Plaintiff/State
2. ☐ Defendant
3. ☐ Grand Jury
B.  Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:  R. STEVEN COLE 600 UNIVERSITY PARK PLACE, SUITE 250 BIRMINGHAM, AL 35209 (205) 879-9661

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:** 12/02/2022 09:00 AM
**ROOM:** MANN & POTTER, P.C.
**ADDRESS:** 600 UNIVERSITY PARK PLACE
SUITE 250
BIRMINGHAM, AL 35209
**DATE ISSUED:** 11/2/2022

/s/ GINA J. ISHMAN
Signature of Court Clerk            Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

Produce to Mann & Potter, P.C., the documents requested in the attached "Civil Subpoena for Production of Documents"

TO ANY SHERIFF OF THE STATE OF ALABAMA You are ordered to serve this order on the above named person and make return to this OR ANY AUTHORIZED PERSON:                      court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order
to _____
_____ on _____
_____

_____
Signature and Title of Server

(For Criminal cases only)
☐ Served By Mail

_____
Date Mailed

_____
Sheriff                                  Deputy Sheriff

## NOTICE

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala.R.Civ.P 45(a) (3) (C), the production of documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c) (2) (B), which is set out below.

Rule 45, Ala. R.Civ.P., Paragraphs (c) & (d)

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(3) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(4) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(5) A person responding to a subpoena need not provide discovery of electronically stored information from sources the person identifies to the requesting party as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(B). The court may specify conditions regarding the production of the discovery.

(6) If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the person or party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. Any party or the producing person may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

ELECTRONICALLY FILED
11/2/2022 11:12 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE; SADIE GAITHER; )
)
    Plaintiffs, )
)
v. )   CIVIL ACTION NO.: CV-2022-901131
)
FARRUKHBEK KOSIMOV; et al., )
)
    Defendants. )

## CIVIL SUBPOENA FOR THE PRODUCTION OF DOCUMENTS
## PURSUANT TO RULE 45(a)

**TO:**   **Custodian of Records**
       **Montgomery County Sheriff's Department**

You are hereby commanded to do each of the following acts at the instance of the Plaintiffs within fifteen (15) days after service of this subpoena:

That you produce and permit the Plaintiffs to inspect and copy each of the following items and documents:

1. **A CERTIFIED COPY** of your complete file including, but not limited to Crash Report Case No. 1647691, accident report, photographs, citations, arrest records, notes, diagrams, body camera, dash-cam videos of the accident investigation, witness statements, diagrams, accident evaluations, measurements, log books, 911 calls, telephone recordings, videos of the incident, audio of the incident, squad video footage, and any information in your possession relating to the accident which occurred on May 3, 2021 at approximately 03:04 p.m. on Interstate 85 at or near Wares Ferry Road and Chantilly Parkway in Montgomery County, Alabama involving Farruknbek Kosimoy; Nathan Henry Poole and Sadie Gaither.

You are further advised that other parties to this action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

                                 _____

                                  CLERK

_____

Date Issued

You have the option to deliver or mail legible copies of things to **Steven Cole, MANN & POTTER, P.C., 600 University Park Place, Suite 250, Birmingham, Alabama 35209**, but you may condition such activity on your part upon the payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. **PLEASE ATTACH A COPY OF THIS SUBPOENA TO THE RECORDS BEING SUBMITTED.**

The Plaintiff agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

In accordance with the federal privacy rules issued pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Privacy Rules"), we are providing you with the following satisfactory assurances:

1. We have made a good faith attempt to provide the Patient, through his/her counsel, with a copy of this civil subpoena.

2. This civil subpoena includes sufficient information about the litigation proceeding in which the above-described information is requested to permit the Patient to raise an objection.

3. The time for the Patient to raise any objection has lapsed, and no objections were filed, or all objections filed by the Patient have been resolved.

Accordingly, you may disclose the requested information in compliance with the HIPAA Privacy Rules.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection. Please see the reverse of this document for duties in responding to said subpoena.

> s/Steven Cole
> Steven Cole
> E-mail: steven@mannpotter.com
> Attorney Code: COL179
>
> Attorney for Plaintiffs
> Mann & Potter, P.C.
> 600 University Park Place, Suite 250
> Birmingham, AL 35209
> Phone: (205) 879-9661
> Fax: (205) 879-9663

2

## **RETURN ON SERVICE**

    I hereby certify that I have served a copy of this subpoena on this the _____ day of _____, 20___.


_____
SIGNATURE - SHERIFF/PROCESS SERVER

_____
NAME (PRINTED)

_____
ADDRESS

_____
CITY, STATE, ZIP

_____
PHONE

3

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service or a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena ..vas issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this role, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party' or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been mad, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the court by which a subpoena is issued shall quash or modify, the subpoena if it

      (i)     fails to allow reasonable time for compliance;

      (ii)    requires a resident of this state who is not a party, or an officer of a party, to travel to a place more than one hundred (100) miles from the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party, or an officer of a party, to travel to a place within this state more than one hundred (100) miles from the place of service or. where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii)   requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv)   subjects a person to undue burden.

(B) If a subpoena

      (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

      (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii)   requires a person who is not a party or an officer of a party, to incur substantial expense to travel more than 100 miles to attend trial.

the court may, to protect a person subject to or affected by the subpoena, quash or modify, the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials. the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications. or things not produced that is sufficient to enable the demanding party to contest the claim.

4

ELECTRONICALLY FILED
11/2/2022 11:12 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

AST-27
REV. 06/98

**ALABAMA UNIFORM TRAFFIC CRASH REPORT**

Sheet 1

| | Check if Amendment ☐ | Check if Error Correction ☑ |
|---|---|---|

| # Vehicles | # Pedestrians | # Injured | # Fatalities | # Unit 1 Type | Unit 2 Type |
|---|---|---|---|---|---|
| 2 | 0 | 0 | 0 | 11 | 1 |

## LOCATION AND TIME

| Date | Month | Day | Year | Time | Day of Week | County | City | |
|---|---|---|---|---|---|---|---|---|
| | 05 | 03 | 2021 | 03:04 PM | Mon | Montgomery | Rural Montgomery | N/A |

| Hwy Class. | On Street, Road, Highway | At Intersection of or Between (Node 1) | And (Node 2) |
|---|---|---|---|
| 1 | I-85 | WARES FERRY ROAD | CHANTILLY PARKWAY |

| (On) Street/Road/Hiway <--- Code | | Node Code | Primary Contrib Circums | | From Node 1 |
|---|---|---|---|---|---|
| 1085 | 7637 | 1 2 <--- ---> 8054 | | 2.00 Miles | |

| Mile Post | Control Access Hwy Loc | Primary Contrib Circums | Primary Contributing Unit # Unknown | First Harmful Event | First Harmful Event Location | Most Harmful Event |
|---|---|---|---|---|---|---|
| 15.0 | | 98 | | 22 | 1 | 22 |

| Distance to Fixed Object | Roadway Junction/Feature | Manner of Crash | Lat Coordinate | Long Coordinate | Coordinate Type | Hwy Side |
|---|---|---|---|---|---|---|
| N/A feet | 1 | 10 | 32° 21' 46.192" N | 86° 9' 41.040" W | 2 | 2 |

| School Bus Related | Crash Severity | Distracted Driving |
|---|---|---|
| 1 | O | 97 |

## UNIT NO 1 — LEFT SCENE — COM VEH ☑

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| FARRUKNBEK KOSIMOY | 67 NORWOOD | DALE CITY CA | 94015 | |

| DOB Month | Day | Year | Race | Sex | DL State | Driver License No. | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 98 | 1 | CA | | A | C | 97 | C | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| WEAMR | No |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| PENN STAR INSURANCE | PAV0284507 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol: No Drugs: No | Type Alcohol Test Given | Alcohol Test Results | Type Drug Test Given | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | | | 6 | N/A | 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 22 | I-85 | 1085 | 3 | 98 | 0 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location | Areas Damaged Are Shaded |
|---|---|---|---|---|---|---|
| | 22 | 97 | 97 | 97 | 1 | |

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 2019 | INTL | PRO STAR | 97 | 3HSDZAPR6KN312312 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| WEAMR | | TN | 2021 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| 170 NORTH LIGHT PASSE | LAKE IN THE HILL | IL | 60156 |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 11 | 6 | 97 | 3 | 2 | 1 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 4 | No | N/A | 1 | 70 MPH | 70 MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 1 | 3 | 97 |

| Towed To Where: |
|---|
| 97 |

| Under Carriage 14 | | Totaled 16 | Attachment 15 |
|---|---|---|---|

Point of Initial Impact 97

## UNIT NO 2 — LEFT SCENE — COM VEH ☑

| Driver Full Name | Street Address | City and State | ZIP | Telephone |
|---|---|---|---|---|
| NATHAN HENRY POOLE | 4355 CASADE RD SW APT E1 | ATLANTA GA | 30331 | |

| DOB Month | Day | Year | Race | Sex | DL State | Driver License No. | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2 | 1 | GA | | C | C | 97 | 97 | 97 |

| Place of Employment | Residence Less Than 25 Miles |
|---|---|
| Unemployed | No |

| Liability Insurance Co. | Liability Policy No. | Insurance NAIC Number |
|---|---|---|
| LIBERTY MUTUAL INSURANCE | AOS-251-946338-4007 | |

| Driver Condition | Sobriety/Officer Opinion | Alcohol: No Drugs: No | Type Alcohol Test Given | Alcohol Test Results | Type Drug Test Given | Drug Test Results | Maneuver |
|---|---|---|---|---|---|---|---|
| 1 | | | 6 | N/A | 4 | 97 | 1 |

| Most Harmful Event for MV | Travel Road Name | Road Code | Travel Direction | Unit Contributing Circumstance | Total Injuries in Unit |
|---|---|---|---|---|---|
| 22 | I-85 | 1085 | 3 | 97 | 0 |

| Sequence of Events | Event 1 | Event 2 | Event 3 | Event 4 | First Harmful Event Location | Areas Damaged Are Shaded |
|---|---|---|---|---|---|---|
| | 22 | 97 | 97 | 97 | 1 | |

| Veh Year | Make | Veh Model | Body | V.I.N. |
|---|---|---|---|---|
| 1997 | INFI | G35 | 2 | JNKCV51E93M014173 |

| Owner's Name | License Tag Number | State | Year |
|---|---|---|---|
| Same | | GA | 2021 |

| Street or R.F.D. | City | State | Zip |
|---|---|---|---|
| Same | | | |

| Type | Usage | Emergency Status | Placard Status | Placard Required | Hazardous Cargo | Hazardous Cargo Released? |
|---|---|---|---|---|---|---|
| 1 | 1 | 97 | 3 | 97 | 97 | 97 |

| Attachment | Oversized Load | If Yes, Did Owner Have Permit? | Contrib Defect | Speed Limit | Est Speed | Citation Offense(s) Charged |
|---|---|---|---|---|---|---|
| 1 | N/A | N/A | 1 | 70 MPH | 70 MPH | None |

| Damage Severity | Towed? | Vehicle Towed By Whom: |
|---|---|---|
| 2 | 3 | 97 |

| Towed To Where: |
|---|
| 97 |

| Under Carriage 14 | | Totaled 16 | Attachment 15 |
|---|---|---|---|

Point of Initial Impact 2

## Seating Position Codes

| 2, 4, or 6 Passenger | 9 Passenger (add): | 12 Passenger (add): | Bicycle, Motorcycle, ATV | 12 - Pedestrian | 16 - Not in Passenger Compartment |
|---|---|---|---|---|---|
| | | | | 13 - Rider of Domestic Animal | 97 - Not Applicable |
| 1 2 3 | 7 8 9 | 17 18 19 | 10 | 14 - Occ. of Non-Motorized Vehicle | 98 - Other (Explain) |
| 4 5 6 | | | 11 | 15 - Passenger of Bus | 99 - Unknown |

## UNINJURED OCCUPANTS

| Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date | Unit No | Seat Pos | Occ. Type | Safety Equip. | Air-bag | Age Code | Sex | Ejec-tion | Birth Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | 2 | 2 | 8 | 1 | 1 | 00/25/1994 | 2 | 1 | 1 | 2 | 2 | 8 | 1 | 1 | 02/11/1967 |
| 2 | 3 | 2 | 2 | 2 | 8 | 2 | 1 | 09/12/1967 | | | | | | | | | |

## DIAGRAM



NOT TO SCALE

I-85

## NARRATIVE

UNIT 1 AND UNIT 2 WERE TRAVELING SOUTHBOUND ON I-85. THE DRIVER OF UNIT 1 STATED, THAT IT WAS RAINING HARD AND HE WAS ABOUT TO EXIT OFF DUE TOO THE WEATHER. THE DRIVER OF UNIT 1 ALSO STATED, THAT HE DID NOT HIT THE OTHER VEHICLE. THE DRIVER OF UNIT 2 STATED, THAT HE WAS IN THE LEFT LANE AND THE 18 WHEELER CAME OVER IN HIS LANE AND STRUCK HIS VEHICLE. UNIT 1 DID NOT HAVE NO VISIBLE DAMAGE TO HIS VEHICLE. UNIT 2 HAD MINOR DAMAGE TO THE PASSENGER SIDE AND SIDE MIRROR. UNIT 1 AND UNIT 2 CAME TO A CONTROLLED FINAL REST OFF THE ROADWAY ON THE RIGHT SIDE. AT THIS TIME I CAN NOT DETERMINE WHICH VEHICLE, IS THE PRIMARY CONTRIBUTING UNIT.

## ROADWAY ENVIRONMENT

| Unit No. | | Involved Road/ Bridge | | Road Surface Type | | Roadway Condition | | Workzone Related? | | Workzone Type | | Workers Present? | | Trafficway | | | Workzone Law Enforcement Present? | | Contributing Circumstances Environment | | Contrib Matl in Roadway | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | | 1 | | 1 | | 2 | | 1 | | 97 | | NotApplicable | | | | 97 | | 2 | | 1 |
| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscur ed By | 1 | Traffic Control | 1 | Traffic Control Functioning | 97 | Opposing Lane Separation | 3 | Trafficway Lanes | 4 | Turn Lanes | 1 | One-Way Street | No | Total # Occupant s in Unit | 1 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |
| Total Number of Units | | Light | | Weather | | Locale | | Police Present? | | DOT Railroad Crossing No. | |
| 2 | | 1 | | 5 | | 1 | | No | | N/A | |

# ROADWAY ENVIRONMENT

| Unit No. | 2 | Involved Road/ Bridge | 1 | Road Surface Type | 1 | Roadway Condition | 2 | Workzone Related? | 1 | Workzone Type | 97 | Workers Present? | NotApplicable | | Workzone Law Enforcement Present? | 97 | Contributing Circumstances Environment | 2 | Contrib Matl in Roadway | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Contrib Material Source | 97 | Rdway Curve & Grade | 1 | Vision Obscur ed By | 1 | Traffic Control | 1 | Traffic Control: Functioning | 97 | Opposing Lane Separation | 3 | Trafficway Lanes | 4 | Turn Lanes | 1 | One-Way Street | No | Total # Occupant s in Unit | 2 | Total # Injured in Unit | 0 | Total # Killed in Unit | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Total Number of Units | Light | Weather | Locale | Police Present? | DOT Railroad Crossing No. |
|---|---|---|---|---|---|
| 2 | 1 | 5 | 1 | No | N/A |

# INVESTIGATION

| Name of Photographer | N/A | | | |
|---|---|---|---|---|
| Time Police Notified 03:06 PM | Time Police Arrived 03:30 PM | Time EMS Arrived N/A | EMS Response Run # N/A | |

| Name of Investigating Officer | | Officer ID | Agency ORI |
|---|---|---|---|
| D L MCTIER | | 1908 | ALDPS03D0 |

| Name of Investigating Officer | | Officer ID | Agency ORI |
|---|---|---|---|
| | | | |

The data on this report reflects the best knowledge, opinion, and belief regarding the crash, but no warrant is made as to the factual accuracy thereof.

# LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Report Header | Unit Type | 1 | Passenger car | Driver | Place of Employment | Unempl oyed | Unemployed |
| Report Header | Unit Type | 11 | Tractor / semi-trailer | Driver | Race | 2 | Black / African-American |
| Location And Time | Contributing Circumstance | 98 | Other (explain in narrative) | Driver | Race | 98 | Other (explain in narrative) |
| Location And Time | Contributing Unit | 0 | Unknown | Driver | Residence Within 25 Miles | No | No |
| Location And Time | Controlled Access Highway Location | 1 | Main road | Driver | Travel Direction | 3 | South |
| Location And Time | Coordinate Status | Known | Known | Vehicle | Attachment | 1 | None |
| Location And Time | Coordinate Type | 2 | From GPS | Vehicle | Attachment | 4 | Other semi trailer |
| Location And Time | Crash Manner | 10 | Sideswipe, same direction | Vehicle | Body | 2 | Four door |
| Location And Time | Crash Severity | O | Property damage only | Vehicle | Body | 97 | Not applicable - not passenger car, personal van, or SUV |
| Location And Time | Distance Node Unit | 20 | Miles | Vehicle | Citation Offense | 99 | None |
| Location And Time | Distracted Driving | 97 | Not applicable (not distracted) | Vehicle | Damage Severity | 1 | None visible |
| Location And Time | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Damage Severity | 2 | Minor |
| Location And Time | Highway Classification | 1 | Interstate | Vehicle | Defect | 1 | None |
| Location And Time | Highway Side | 2 | Southbound | Vehicle | Emergency Status | 97 | Not applicable |
| Location And Time | Roadway Feature | 1 | No special feature | Vehicle | Estimated Speed Code | | Not set |
| Location And Time | School Bus Related | 1 | No school bus involved | Vehicle | Hazardous Cargo | 1 | None |
| Location And Time | Time Display Format | 10 | Standard | Vehicle | Hazardous Cargo | 97 | Not applicable |
| Driver | Alcohol Test Type | 6 | No Test Given | Vehicle | Hazardous Cargo Release Type | 97 | Not applicable |
| Driver | Commercial Driver License Status | 97 | Not applicable / unlicensed | Vehicle | K12 Child Going To Or From School | 0 | Not Set |
| Driver | Commercial Driver License Status | C | Current / valid | Vehicle | Make | INFI | Infiniti |
| Driver | Contributing Circumstance | 97 | Not applicable | Vehicle | Make | INTL | Internal Harvester / Transtar |
| Driver | Contributing Circumstance | 98 | Other (explain in narrative) | Vehicle | Non-Motorist Action | 0 | Not Set |
| Driver | Driver Address Code | 0 | Not Set | Vehicle | Non-Motorist Location | 0 | Not Set |
| Driver | Driver Condition | 1 | Apparently normal | Vehicle | Oversized Load | N/A | NotApplicable |
| Driver | Driver License Class Code | 0 | Not set | Vehicle | Oversized Load | No | No |
| Driver | Driver License Endorsement | 97 | Not applicable | Vehicle | Oversized Load Permit | N/A | NotApplicable |
| Driver | Driver License Number | 0 | Not set | Vehicle | Owner Address Code | 0 | Not Set |
| Driver | Driver License Restriction | 97 | Not applicable | Vehicle | Owner Address Code | Same | Same |
| Driver | Driver License State Code | 0 | Not set | Vehicle | Owner Name Code | | Not Set |
| Driver | Driver License Status | C | Current / valid | Vehicle | Owner Name Code | Same | Same as driver |
| Driver | Driver Name Code | 0 | Not Set | Vehicle | Placard Requirement | 2 | No |
| Driver | Drug Test Result | 97 | Not applicable | Vehicle | Placard Requirement | 97 | Not applicable |
| Driver | Drug Test Type | 4 | No test given | Vehicle | Placard Status | 3 | Not applicable (placard not required) |
| Driver | Gender | 1 | Male | Vehicle | Tag Number | | Not set |
| Driver | Harmful Event | 22 | Collision with vehicle in traffic | Vehicle | Tag State | 0 | Not set |
| Driver | Liability Ins. Policy Code | 0 | Not Set | Vehicle | Tag Year | 0 | Not set |
| Driver | Liability Insurance NAIC Number Code | | Not Set | Vehicle | Tow Status | 3 | Not towed |
| Driver | Maneuver | 1 | Movement essentially straight | Vehicle | Towed Code | 97 | Not applicable |
| Driver | Phone Number Code | 0 | Not Set | Vehicle | Unit Type | 1 | Passenger car |
| Driver | Place of Employment | | Not Set | Vehicle | Unit Type | 11 | Tractor / semi-trailer |

# LEGEND

| Location | Category | Code | Description | Location | Category | Code | Description |
|---|---|---|---|---|---|---|---|
| Vehicle | Usage | 1 | Personal vehicle | | | | |
| Vehicle | Usage | 6 | Cargo Transportation | | | | |
| Vehicle | VIN | 0 | Not set | | | | |
| Vehicle | Year | | Not set | | | | |
| Uninjured Occupants | Age Code | 8 | 26 - 64 | | | | |
| Uninjured Occupants | Airbag | 2 | Not deployed, no switch | | | | |
| Uninjured Occupants | Birth Date Code | 0 | Not Set | | | | |
| Uninjured Occupants | Ejection Status | 1 | Not ejected or trapped | | | | |
| Uninjured Occupants | Gender | 1 | Male | | | | |
| Uninjured Occupants | Gender | 2 | Female | | | | |
| Uninjured Occupants | Occupant Type | 1 | Driver | | | | |
| Uninjured Occupants | Occupant Type | 2 | Passenger | | | | |
| Uninjured Occupants | Safety Equipment | 2 | Shoulder and lap belt used | | | | |
| Roadway Environment | Environmental Contributing Circumstance | 2 | Weather | | | | |
| Roadway Environment | Light Condition | 1 | Daylight | | | | |
| Roadway Environment | Locale | 1 | Open country | | | | |
| Roadway Environment | Opposing Lane Separation | 3 | Unpaved surface | | | | |
| Roadway Environment | Road Bridge Condition | 1 | None apparent | | | | |
| Roadway Environment | Road Surface Type | 1 | Asphalt | | | | |
| Roadway Environment | Roadway Condition | 2 | Wet | | | | |
| Roadway Environment | Roadway Curvature And Grade | 1 | Straight, level | | | | |
| Roadway Environment | Roadway Material | 1 | None | | | | |
| Roadway Environment | Roadway Material Source | 97 | Not applicable | | | | |
| Roadway Environment | Traffic Control | 1 | No controls present | | | | |
| Roadway Environment | Traffic Control Status | 97 | Not applicable | | | | |
| Roadway Environment | Trafficway Lane Count | 4 | Four lanes | | | | |
| Roadway Environment | Turn Lane Presence | 1 | None | | | | |
| Roadway Environment | Vision Obscuration | 1 | Not obscured | | | | |
| Roadway Environment | Weather Condition | 5 | Rain | | | | |
| Roadway Environment | Workzone Law Encorcement Presence | 97 | Not applicable | | | | |
| Roadway Environment | Workzone Relationship | 1 | Not in / related to workzone | | | | |
| Roadway Environment | Workzone Type | 97 | Not applicable | | | | |



AlaFile E-Notice



ELECTRONICALLY FILED
11/2/2022 11:12 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

03-CV-2022-901131.00
Judge: JIMMY B POOL

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

A court action was entered in the above case on 10/24/2022 3:42:31 PM

ORDER

[Filer: ]

Disposition:  GRANTED
Judge:        JBP

Notice Date:   10/24/2022 3:42:31 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
10/24/2022 3:42 PM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

POOLE NATHAN, )
GAITHER SADIE, )
Plaintiffs, )
)
V. ) Case No.: CV-2022-901131.00
)
KOSIMOV FARRUKHBEK, )
VAMAR, INC., )
RYDER TRUCK RENTAL, LT, )
Defendants. )

## HIPAA ORDER IN A CIVIL ACTION

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor; administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. Subject to the provisions of Rule 26 of the Alabama Rules of Civil Procedure pertaining to the scope and limits of discovery, the attorneys for the parties to this lawsuit may request an interview with any health care providers, health plan administrators, or other individuals in connection with the aforementioned health information and payments therefore (such information collectively referred to hereafter as "Protected Health Information"). Such health care provider, health care administrator, or other individual may grant or deny a request for an interview.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order Is Intended to authorize such disclosures under Section 164.512(2)(1) of the privacy regulations Issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or treatment of a patient=s mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

**DONE this 24th day of October, 2022.**

                                        **/s/ JIMMY B POOL**
                                        **CIRCUIT JUDGE**



AlaFile E-Notice

03-CV-2022-901131.00

To: R. STEVEN COLE
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: KOSIMOV FARRUKHBEK (PRO SE)
67 NORWOOD AVENUE
APT B
DALY, CA, 94015-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:    11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date: 11/2/2022 11:12:40 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: MONTGOMERY COUNTY SHERIFF'S DEPARTMENT
CUSTODIAN OF RECORDS

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following subpoena was FILED on 11/2/2022 11:12:40 AM

Notice Date:     11/2/2022 11:12:40 AM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260





ELECTRONICALLY FILED
11/2/2022 11:23 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

AlaFile E-Notice

03-CV-2022-901131.00

To: R. STEVEN COLE
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following complaint was FILED on 9/7/2022 8:19:16 AM

Notice Date:     9/7/2022 8:19:16 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>03<br><br>Date of Filing:<br>09/07/2022      Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### NATHAN POOLE ET AL v. FARRUKHBEK KOSIMOV ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
     Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
     Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
COL179

9/7/2022 8:19:09 AM
Date

/s/ R. STEVEN COLE
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☐ YES ☐ NO

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK



## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### CIVIL ACTION NO.: _____

NATHAN POOLE, individually; SADIE GAITHER, individually;

Plaintiffs,

vs.

FARRUKHBEK KOSIMOV; VAMAR, INC.; RYDER TRUCK RENTAL LT; **No. 1,** whether singular or plural, the driver of the motor vehicle which collided with Plaintiffs' motor vehicle and whose negligence caused the Plaintiffs' injury on the occasion made the basis of this suit; **No. 2,** whether singular or plural, the owner of the motor vehicle which collided with Plaintiffs' motor vehicle on the occasion made the basis of this suit; **No. 3,** whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4,** whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5,** whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6,** whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7,** whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8,** whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiffs' motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9,** whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10,** whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11,** whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12,** whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13,** whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14,** whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15,** whether singular or plural, that entity or those entities who or which

1

had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiffs' injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 21**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained.

Defendants.

## **COMPLAINT**

### **Parties**

1.      The Plaintiffs, Nathan Poole and Sadie Gaither, are over the age of nineteen years and resident citizens of the state of Georgia.

2.      The Defendant, Farrukhbek Kosimov, is an individual over the age of nineteen years and a resident citizen of the state of California.

3.      The Defendant, Vamar, Inc. (hereinafter "Vamar") is a foreign corporation actively conducting business by agent in Montgomery County, Alabama.

4.      The Defendant, Ryder Truck Rental LT (hereinafter "Ryder") is a foreign corporation actively conducting business by agent in Montgomery County, Alabama.

2

5. Fictitious party defendants are described as follows **No. 1**, whether singular or plural, the driver of the motor vehicle which collided with Plaintiffs' motor vehicle and whose negligence caused the Plaintiffs' injury on the occasion made the basis of this suit; **No. 2**, whether singular or plural, the owner of the motor vehicle which collided with Plaintiffs' motor vehicle on the occasion made the basis of this suit; **No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver or the owner of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 4**, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 5**, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint; **No. 6**, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof; **No. 7**, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 8**, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with Plaintiffs' motor vehicle was performing some type of service or employment duty at the time of this collision; **No. 9**, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence; **No. 10**, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; **No. 11**, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 12**, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the vehicle(s) involved in the occurrence made the basis of this lawsuit; **No. 13**, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 14**, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 15**, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit; **No. 16**, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for Plaintiffs' injuries received on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage); **No. 17**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the motor vehicles involved in the occurrence made the basis of this lawsuit, for the driver of each respective motor vehicle or for any of the named fictitious parties defendant listed or described herein; **No. 18**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the

3

occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above; **No. 20**, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described above; **No. 21**, whether singular or plural, that entity or those entities, other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs aver that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs at this time, their identities as proper party Defendants are not known to Plaintiffs at this time, but their true names will be substituted by amendment when ascertained.

## Facts

6. On or about May 3, 2021, the Plaintiffs were traveling in a motor vehicle on Interstate 85 at or near the intersection of Wares Ferry Road and Chantilly Parkway in Montgomery County, Alabama, when the Defendant Farrukhbek Kosimov, while acting as an agent, servant, representative and/or employee of Defendants Vamar, Ryder, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly operated a motor vehicle thereby causing the vehicle occupied by the Plaintiffs to be struck. Said negligent, reckless and/or wanton conduct was a direct and proximate cause of the Plaintiffs' injuries and damages hereinafter described.

7. On or about May 3, 2021, the Defendants Vamar, Ryder, were the owners of and had the right of control over the use of the motor vehicle driven by the Defendant, Farrukhbek Kosimov. Defendants Vamar, Ryder, as owner, negligently entrusted said vehicle to Defendant, Farrukhbek Kosimov, who negligently or wantonly operated said vehicle injuring the Plaintiffs. Defendants Vamar, Ryder, entrusted said vehicle to the Defendant, Farrukhbek Kosimov and is therefore liable to the Plaintiffs. Said negligent entrustment was a proximate cause of the Plaintiffs'

4

injuries and damages described herein.

8.     At the aforesaid time and place, the Defendant, Farrukhbek Kosimov, was engaged in the regular course and scope of his employment for Defendants Vamar, Ryder as an agent, servant and/or employee and is legally responsible for his actions.

9.     At the aforesaid time and place, and for sometime prior thereto, the Defendants Vamar, Ryder, were the owners of said motor vehicle driven by Defendant, Farrukhbek Kosimov, being a 2019 International bearing vehicle identification number 3HSDZAPR6KN312312, and as such, had the authority to supervise the maintenance, operation, and repair of said motor vehicle and the hiring and training of drivers of motor vehicles operated by or on behalf of Defendants Vamar, Ryder. Said Defendant negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries as hereinafter described.

10.     Fictitious party defendants listed and described in the caption hereinabove, whose more correct names and identities are unknown to Plaintiffs, but who will be correctly named and identified when ascertained, are the respective entities who or which fit the descriptions above.

11.     As a proximate result of allegations as the Defendants' conduct, set forth in the complaint, the Plaintiffs were injured and damaged as follows:

a.     Plaintiffs suffered injuries to their person which were attended by physical pain and mental anguish.

b.     Plaintiffs were caused to be injured.

c.     Plaintiffs were caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug and other medical expenses in and about an effort to heal and cure said injuries.

d.     Plaintiffs were caused to be unable to pursue many normal and usual activities.

5

e.     All other damages to which the Plaintiffs may be entitled by law.

## COUNT I

### Negligence

12.    The Plaintiffs hereby adopt and incorporate by reference the allegations of the preceding paragraphs of the Complaint.

13.    At the times set forth hereinabove, the Defendants Farrukhbek Kosimov, Vamar, Ryder, and/or one or more of the fictitious party defendants listed and described hereinabove, negligently operated a motor vehicle, which proximately caused the Plaintiffs' injuries and damages as described hereinabove.

14.    The Defendants Vamar, Ryder, is responsible for the actions of the Defendant, Farrukhbek Kosimov, as he was operating a motor vehicle as an agent, servant or employee of the Defendants Vamar, Ryder, and said Defendants are responsible for the actions of the Defendant Farrukhbek Kosimov on the basis of their respondent superior, agency and/or employer - employee relationship, and as a direct and proximate result thereof, the Plaintiffs were caused to sustain injuries and damages as set forth hereinabove.

15.    As a direct and proximate consequence of the above-described negligent and wrongful conduct, the Plaintiffs have been injured and damaged as described hereinabove.

## COUNT II

### Wanton and Reckless Conduct

16.    The Plaintiffs hereby adopt and incorporate by reference the allegations of the preceding paragraphs of the Complaint.

6

17.     At the times set forth hereinabove, the Defendant Farrukhbek Kosimov, Vamar, Ryder, and/or one or more of the fictitious party defendants listed and described hereinabove, wantonly and/or recklessly operated a motor vehicle, which proximately caused the Plaintiffs' injuries and damages as described hereinabove.

18.     The Defendant, Vamar, Ryder, is responsible for the actions of the Defendant, Farrukhbek Kosimov, as he was operating a motor vehicle as an agent, servant or employee of the Defendants Vamar, Ryder, and said Defendant is responsible for the actions of the Defendant Farrukhbek Kosimov on the basis of their respondent superior, agency and/or employer - employee relationship, and as a direct and proximate result thereof, the Plaintiffs were caused to sustain severe injuries and damages as set forth hereinabove.

19.     As a direct and proximate consequence of the above-described wanton and reckless conduct, the Plaintiffs were injured and damaged as described hereinabove.

## COUNT III

### Negligent, Reckless and/or Wanton Violations of Rules of the Road

20.     The Plaintiffs hereby adopt and incorporate by reference the allegations of the preceding paragraphs of the Complaint.

21.     At the times set forth hereinabove, the Defendants Farrukhbek Kosimov, Vamar, Ryder, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and/or wantonly violated the rules of the road thereby causing the Plaintiffs to sustain injuries and damages as set forth hereinabove.

22.     As a direct and proximate consequence of the above-described negligent, reckless

7

and/or wanton conduct, the Plaintiffs have been injured and damaged as described hereinabove.

## COUNT IV

### Negligent Entrustment

23. The Plaintiffs hereby adopt and incorporate by reference the allegations of the preceding paragraphs of the Complaint.

24. On or about May 3, 2021, the Defendants Vamar, Ryder, and one or more of the fictitious party defendants listed and described hereinabove, negligently, recklessly and wantonly entrusted a 2019 International bearing vehicle identification number 3HSDZAPR6KN312312, to Defendant Farrukhbek Kosimov when said Defendants knew or by exercise of reasonable care should have known, that Defendant Farrukhbek Kosimov was incompetent to use and operate a motor vehicle.

25. Said negligent entrustment of a commercial motor vehicle by the Defendants Vamar, Ryder, proximately caused or contributed to cause the injuries the Plaintiffs complain of as identified hereinabove.

26. As a direct and proximate consequence of the Defendants' wrongful conduct, the Plaintiffs were injured and damaged as is described hereinabove.

## COUNT V

### Negligent and/or Wanton Hiring, Training and Supervision

27. The Plaintiffs hereby adopt and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

28. On or about May 3, 2021 the Defendants Vamar, Ryder and one or more of the fictitious party defendants were the employers, principals or masters of Defendant, Farrukhbek

8

Kosimov and as such, had the authority and duty to supervise the hiring, training and supervision of agents acting on their behalf.

29.     Said Defendants Vamar, Ryder and one or more of the fictitious party defendants negligently and/or wantonly hired, trained and/or supervised Defendant, Farrukhbek Kosimov or failed to exercise said supervisory control and said negligence and/or wanton conduct was cause of the Plaintiffs' injuries and damages.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs respectfully demand judgment against the Defendants, jointly and severally, for compensatory and punitive damages, not to exceed $74,500, individually, for all claims under this lawsuit and for cost and interest.

> s/Robert Potter
> Robert Potter
> E-mail: robert@mannpotter.com
> Attorney Code: POT011
>
> s/Steven Cole
> Steven Cole
> E-mail: steven@mannpotter.com
> Attorney Code: COL179
>
> Attorneys for Plaintiffs
> Mann & Potter, P.C.
> 600 University Park Place, Suite 250
> Birmingham, AL 35209
> Phone: (205) 879-9661
> Fax: (205) 879-9663

9

s/Hunter Garnett

Hunter Scott Garnett

E-mail: hunter@huntsvillecaraccidentlawyers.com

Attorney Code: GAR127

Attorney for Plaintiff

Hunter Garnett, Esq.

100 Jefferson Street South, Suite 300

Huntsville, Alabama 35801

Phone: 256-221-8967

## JURY DEMAND

Plaintiffs hereby demand a trial by struck jury.

s/Steven Cole

OF COUNSEL

## DEFENDANTS' ADDRESSES:

Farrukhbek Kosimov

67 Norwood Avenue, Apartment B

Daly, California 94015

Vamar, Inc.

c/o Nodirakhon Kadirova

Ryder Truck Rental, LT

c/o Corporate Creations Network

8520 Allison Pointe Boulevard, Suit e200

Indianapolis, IN 46250

## PLEASE SERVE SUMMONS AND COMPLAINT, TOGETHER WITH ALL DISCOVERY, BY CERTIFIED MAIL

10

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE; SADIE GAITHER;      )
                                  )
    Plaintiffs,                 )
                                  )
v.                                )   CIVIL ACTION NO.:
                                  )
FARRUKHBEK KOSIMOV; et al.,       )
                                  )
    Defendants.                 )

## PLAINTIFFS' FIRST INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANTS, VAMAR, INC. and RYDER TRUCK RENTAL LT

COME NOW the Plaintiffs in the above-styled cause and pursuant to Rules 26, 33 and 34

of the ALABAMA RULES OF CIVIL PROCEDURE, request that the Defendants, Vamar, Inc. and Ryder

Truck Rental, LT answer separately, in writing and under oath the following interrogatories

propounded by Plaintiffs and to produce the following documents for inspection and copying by

counsel for Plaintiff:

### Definitions

As used herein:

1.      "Defendant", "you" and/or "your" means each and every one of the named

Defendants, respectively, or any agents, representatives, attorneys, and any other person or persons

acting (or who acted) or purporting to act (or who purported to act) on the said Defendant's behalf.

2.      The word "person(s)" means individuals and entities, including, without limitation,

sole proprietorships, firms, associations, companies, partnerships, joint ventures, corporations,

trusts, estates and any other legal, business or governmental entity.

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to

make the interrogatory or request inclusive rather than exclusive. The use of the words

"include(s)" and "including" shall be construed to mean "without limitation."

4.    The word "document(s)" is used in its customary broad sense and includes all written, typed, printed, recorded or graphic statements, communications or other matter, however produced or reproduced, and whether or not now in existence, in the possession, custody or control of plaintiff, including without limitation:

All writings; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; communications; letters or other correspondence; messages; telegrams; telexes; FAX transmissions; cables; memoranda; records; notes, reports summaries, sound recordings or transcripts of personal or telephone conversations, meetings, conferences or interviews; telephone toll records; diaries; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; tables; indices; pictures; photographs; films; phonograph records; tapes; microfilm; microfiche; charges; ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; minutes or records of board directors, committee or other meetings or conferences; reports of summaries or investigations; opinions or reports of consultants; appraisals; reports or summaries of negotiations; books; brochures; pamphlets; circulars; trade letters; press releases; newspaper and magazine clippings; stenographic, handwritten or any other notes; notebooks; projections; checks, front and back; check stubs or receipts; invoice vouchers; tape data sheets or data processing cards, data, meta data or electronically stored documents, records or emails, or discs or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced; and any other document, writing or data compilation of whatever description, including but not limited to any information contained in any computer although not yet printed out or the memory units containing such data from which information can be obtained or translated into reasonably usable form; and all drafts and non-identical copies of the foregoing.

5.    The word "identify" when used with respect to an individual means to state such individual's: (a) full name, present or last known residence and business address(es) and telephone number(s); (b) present or last known employer(s), place of employment and job title, if any; and (c) the nature (including job title, if any) and dates of any affiliation, by employment or otherwise, with any party to this litigation.

6.    The word "identify" when used with respect to a person or entity other than an

2

individual means (a) to state its name; (b) to describe its nature (e.g., corporation, partnership, etc.); and (c) to identify the person or persons employed by such entity with whom you have dealt concerning the subject matter of these interrogatories.

7.      The word "identify" when used with respect to a document or documents means (a) to specify the nature or type of the document (e.g., letter, memorandum, etc.); (b) to state the date, if any, appearing on the document, or if none, the date such document was prepared or received; (c) to describe in general the subject matter of the document with sufficient particularity as to enable such document to be precisely identified; (d) to identify each person who wrote, signed (or authorized the signature of) dictated or otherwise participated in the preparation of the document; (e) to identify any addresses thereof, and, if known, each person to whom the document was distributed; (f) to state the present physical location of the document; whether electronically stored or not, and (g) to identify each person having possession, custody or control of the document.

## Continuing Interrogatories
## and Request for Production

These interrogatories and requests for production are continuing in character as to require the filing of prompt supplementary and amended answers if further or different information or additional documents relevant to any of these interrogatories and requests for production are obtained prior to trial.

## Instructions

Defendant should answer each interrogatory separately and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated. The answers are to be signed by Defendant and the objections, if any, are to be signed by the attorney

3

making them. Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the extent possible and a statement should be made indicating why only a partial answer is given.

Answers to these interrogatories shall set forth each question in full before each answer. Separate answers shall be provided in response to each interrogatory, and, when an interrogatory has subdivisions, to each subdivision.

With respect to any interrogatory calling for the identification or listing of documents, unless otherwise indicated, you may, in lieu thereof, attach to your answers a copy of such documents segregated separately for each answer, with an identification of the interrogatory or interrogatories (or portion thereof) to which they are submitted as being responsive. In the event you elect to attach documents rather than identify them in response to any interrogatory, it is requested (a) that all documents attached be produced in the file folders and file cartons in which they have been maintained or stored, clipped, stapled or otherwise arranged in that form and manner as they were found, and (b) that you identify the person or persons in whose custody or control such files are or were maintained.

If you object to furnishing any document on the basis of attorney-client privilege or any other basis, please identify the document by the date it bears, or if none, under the date it was written; by the name and address of it; by the name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed; by the name and address of each person who received a copy of the document; by description of the document, as for instance, a letter memorandum; by its present location or custodian; or if unknown, its last known location or custodian; and by the present location and custodian of each copy; or if

4

unknown, its last known location or custodian.

If any requested documents or things cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the produced portion.

If any document requested was in defendant's possession or control, but is no longer in defendant's possession or subject to defendant's control, state what disposition was made of it, the reason for such disposition and the date thereof.

In producing documents and things pursuant to this request, furnish all documents or things known or available to you regardless of whether such documents or things are possessed directly by you or your agents, employees, representatives or investigators or by your attorneys, their agents, employees, representatives or investigators.

If any documents or things requested were at one time in existence but are no longer in existence, then so state, specifying for each document or thing:

a.     The type of document or thing;

b.     The types of information contained thereon;

c.     The date upon which it ceased to exist;

d.     The circumstances under which it ceased to exist;

e.     The identity of all persons having knowledge of the circumstances under which it ceased to exist; and

f.     The identity of all persons having knowledge or who had knowledge of the contents thereof.

You are requested to produce all original documents; and all other copies not absolutely

5

identical to the originals. In addition you are requested to produce all drafts and notes (whether typed, handwritten or otherwise) made or prepared in connection with such documents, whether used or not.

## INTERROGATORIES

1. Please state whether your name is correctly set forth as a Defendant in this case; if not, please state your correct name.

2. Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.(**Note:** "identify is a term defined in the *Definitions and Instructions* section hereof).

3. Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4. With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

a. his/her name, address, and telephone number;

b. the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

c. the field in which he/she is to be offered as an expert;

d. a summary of his/her qualifications within the field in which he/she is expected to testify;

e. the substance of the facts to which he/she is expected to testify; and

f. the substance of the opinions to which he/she is expected to testify and a summary

6

of the grounds for each opinion.

5.    State whether or not at the time of the occurrence complained of herein there was an insurance agreement or excess and/or umbrella insurance agreements in existence   under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment.   If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

a.    the name and mailing address of the person or entity;

b.    the applicable policy number(s);

c.    the term(s) of the policy(s); and

d.    the limits of liability afforded under the agreement(s).

6.    State the full name and address, giving the street, street numbers, city and state, of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

7.    Describe each and every thing which you contend the Plaintiff did which caused and/or contributed to the collision made the basis of this suit.

8.    Identify any other individual, entity or entities other than the named defendants in this cause which may be liable or responsible for the collision made the basis of this suit and describe what they did or did not do in causing or contributing to the subject collision.

9.    Did the Defendant Farrukhbek Kosimov provide notice to this Defendant of the collision made the basis of this suit?   If so, please list the following:

7

a.      the date of notification;

b.      the name of the person who was notified;

c.      the communication from Farrukhbek Kosimov;

d.      whether the person whom Farrukhbek Kosimov spoke with is still employed
with this Defendant. If not, please provide the last known address and
phone number and the personnel file of that individual.

10.     Please describe all conversations with anyone at Vamar, Inc. and/or Ryder Truck
Rental LT, has had with Farrukhbek Kosimov as a result of the accident made the basis of this suit.

11.     Did Farrukhbek Kosimov complete any type of accident reports, accident kits,
narratives of what happened, or take photographs after this crash? If so, state the date and to
whom such were made and provide a copy of any such documents.

12.     Were there any preventability studies performed by or on behalf of this Defendant
as a result of the accident made the basis of this suit? If so, please state the date and identity by
whom the studies performed.

13.     Was Farrukhbek Kosimov working within the line and scope of his employment
for this Defendant at the time of the accident made the basis of this suit?

14.     Was Farrukhbek Kosimov driving a vehicle owned by this Defendant at the time of
the accident made the basis of this suit?

15.     Did the Federal Motor Carrier Safety Regulations apply to Farrukhbek Kosimov on
May 3, 2021, while operating the subject vehicle involved in the accident made the basis of this
suit?

16.     Did the Alabama Commercial Drivers License Manual apply to Farrukhbek

8

Kosimov on May 3, 2021, while operating the subject vehicle involved in the accident made the basis of this suit?

17. Did Farrukhbek Kosimov violate any of the safety standards set forth by this Defendant during the accident made the basis of this suit? If so, please describe.

18. Was Farrukhbek Kosimov disciplined as a result of the accident made the basis of this suit? If so, what for.

19. Does this Defendant train their drivers including Farrukhbek Kosimov to maintain proper spacing from vehicles in front of them while driving on the highway.

20. Does this Defendant train their drivers including Farrukhbek Kosimov to drive at or below the posted speed limit on roadways?

21. At twelve seconds before the crash, was Farrukhbek Kosimov driving in excess of the posted speed limit?

## REQUESTS FOR PRODUCTION

The "**documents**" covered by this request are as follows:

1. Any and all insurance agreements, including excess or umbrella insurance agreements or policies (including the declarations page), under which an insurance company might be liable to satisfy part or all of a judgment which may be entered in the above mentioned cause. Please include the actual policy document, all amendments or modifications and the declarations page(s) for all such coverages.

2. Any and all photographs, or motion pictures of persons, places, or things involved

9

in the events and/or conditions made the basis of this lawsuit, including the subject vehicles involved in the collision as well as the scene of said occurrence.

3. Any and all documents, records, writings, audio tapes, video tapes, films, graphs, surveillance films or photographs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial, including, but not limited to, the Plaintiff(s), Defendant(s), witnesses (including impeachment witnesses) or anyone possessing knowledge of this matter.

4. A copy of each expert witness' curriculum vitae who you have retained to offer expert testimony during the trial of this matter.

5. Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

6. The driver's logs of the driver of the vehicle on the date of the collision made the basis of this suit and six months prior thereto for the vehicle in question and any other vehicle operated by said Defendant driver during said period of time.

7. The investigation report, accident report or other report regarding the incident made the basis of this suit done prior to the complaint being filed.

8. Any and all transcriptions, electronic or otherwise, of dispatcher communications between the Defendant driver and this Defendant on May 3, 2021.

9. The USDOT, FMCSR or ALDOT file maintained on the Defendant driver by this Defendant including, but not limited to, the following as required by the FMCSR:

    a.    application for employment;

    b.    initial three year motor vehicle record;

10

c. road test form and certificate of license or certificate in lieu of road test;

d. medical examination certificate and/or a copy of state driving record showing CDL driver's medical certification information;

e. medical examination card;

f. documentation verifying that the medical examiner was listed on the National Registry at the time of the driver's examination;

g. any medical variance documentation and/or medical records supporting such variance or request therefore;

h. annual driving record in all states driven;

I. All notes, documents, reports or records relating to annual driver review(s) of this driver;

j. driver's list of violations;

k. previous employer inquiries for the driver;

l. driving training certificates;

m. longer combination vehicle driver training certificate;

n. Hazmat driver certification for this driver;

o. annual review and notification of conviction for driver violations;

p. driver's written authorizations for drug/alcohol testing and/or history;

11

q.      driver's record of previous employer drivers safety performance for the preceding three (3) years;

r.      drivers disclosure and authorizations form for Pre-employment Screening Program (PSP);

s.      if this driver was furnished by another motor carrier the signed FMCSR certificate as required by § 391.65(a)(2); and

t.      annual review of this driver's driving record.

10.      A copy of any and all pre-maintenance inspection reports for the vehicle occupied for the Defendant for six months prior to the collision made the basis of this suit.

11.      A copy of all alcohol and/or drug screen/tests performed on the Defendant driver, or any driver of the defendant's vehicle, involved in the collision made the basis of this suit on or about May 3, 2021, at any time prior to or following the subject collision.

12.      Please produce a copy of the reports or any electronic information downloaded from any computer, module or electronic device contained in the Defendant's vehicle from the date of the collision through the present.

13.      Please produce all Qualcomm computer generated reports, computer summaries, computer logs, Global Positioning Satellite reports, GPS maps or GPS locations, for the Defendant's vehicle for the date of the subject incident and the six (6) months preceding the time of this incident on May 3, 2021.

14.      All repair or maintenance records or other documents pertaining to the truck driven by the Defendant driver on May 3, 2021, and for the six (6) months preceding the collision alleged in the Complaint.

12

15. Any documents, photographs, videos, instructional materials or documents relating to company procedure regarding a driver's duties or actions when he/she is involved in an accident, including, but not limited to, safety manuals and employee handbooks.

16. All reports, checks, electronic funds, transfers or payments made between this Defendant and the Defendant driver, on May 3, 2021 and the six (6) months preceding the subject collision.

17. A copy of the accident report, Form MCS 50-B, as required by FMCSR §394.9.

18. A copy of all safety literature, safety programs, safety manuals, videos, instructional materials, tests, or other written documents pertaining to safety provided to drivers by this Defendant, including the Defendant driver.

19. Any and all medical records in this Defendant's possession of the Defendant driver for the ten (10) years preceding the collision date.

20. All trips and / or operational documents pertaining to the movement of cargo by Farrukhbek Kosimov through the time the incident occurred (May 3, 2021). Please refer to the following sub-definitions and follow them closely grouping all documents produced by each trip occurring during the time period requested.

> A. Driver's trip reports and/or trip envelopes, daily loads delivered/picked up or work reports, work schedule, reports, fuel purchased reports, or any reports made by driver, inclusive of daily, weekly or monthly cargo transported, time and/or distance reports or work records excluding only those documents known as "driver's daily logs or driver's record of duty status.
>
> B. Receipts for any trip expenses or purchases made by driver or his co-driver during a trip regardless of type of purchase, such as fuel, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, or other receipts regardless of the type of objects or services purchased.

13

C.	Cargo pickup or delivery orders prepared by the Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

D.	All written request, letters, instructions, or orders for transportation of cargo prepared by Defendant, transportation brokers, involved shippers or receivers, motor carriers, operations/dispatch or personnel, drivers or other persons or organizations relative to the operations of driver.

E.	All bills of loading and/or manifest prepared or issued by any shippers, brokers, transporting motor carriers personnel, receivers or cargo or any of Defendant. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery relative to the operations of driver.

F.	All equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and delivery dates and times or delays and/or detention of equipment relative to the operations of driver.

G.	All cargo freight bills, Pro's or other wise described similar documents inclusive of all signed or undersigned cargo pickup and delivery copies that indicate date and/or time of pickup or delivery of cargo by driver.

H.	All written instructions, orders or advise given to driver in reference to cargo transported, routes to travel, location to purchase fuel, cargo pickup or delivery times issued by Defendant, shippers, receivers, or any other persons or organizations.

I.	Dispatch and/or operation records indicated assignment of equipment and drivers to specific cargo pickup, transportation and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form. This specifically includes all dispatch and operational type computer generated documents and materials indicating the movement or activities of driver.

J.	Any driver call-in records or otherwise described written records indicating communications between Defendant and driver.

K.	All accounting records, merchandise purchased, cargo transportation

14

billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed by driver.

L.    All initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary to driver in reference to a trip or trips. This specifically includes any summary type documents showing all payments made to driver regardless of the purpose of payment or period of time payment was made for.

M.    Any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source, or generated for or by Defendant showing date, time and location of fuel or other purchases by driver on the trips requested herein.

N.    Readable copies of all checks or otherwise described negotiable instruments issued to driver or his co-driver(s) given in payment as trip advance, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendant. Specifically copies of both the front and back" of each check and/or comchek issued to driver or any of his co-drivers is requested.

O.    Any and all state special fuel or oversize permits and any related documents or requests issued to or by any state agency or transport cargo over their territories regardless of the form of the permit. The receipt acknowledging payment of the permit(s) issued by any governmental agency is specifically requested that relate to the movement of driver.

P.    Any and all trip leases or trip lease contracts involving driver with all related documentation issued to or created or received by any of the Defendant. Specifically, this includes any trip leases negotiated between the Defendant and/or any other motor carrier to their drivers inclusive of all related documentation thereto. Basically, related documentation" consists of any documents created or generated in reference to trip lease and in addition, driver's daily logs and record of duty status, driver's daily condition reports, motor carrier certification of driver's qualification and any other documents that relate to the billing and payment for such movement of freight, and all other types of documentation regardless of form or description, relative to each occurrence involving the services and activities of driver.

Q.    Any and all other "operational or trip related documents" created or received by the Defendant or any other persons or organizations, regardless of form

15

or description and not defined herein, in the possession of any of the Defendant and relative of the operations, activities, movements and trips accomplished by driver.

21. Any state or FMCSR issued traffic citations, terminal or road equipment and/or driver compliance inspections or warnings issued to the Defendant driver(s), co-drivers, or driver trainers, by any city, county, state or federal agency or law enforcement official in the possession of Defendant regardless of the date of origin.

22. All administrative type records of Farrukhbek Kosimov's record of duty status of driver's daily logs driving and/or work time audits, investigations or 60/70 hour log (logs) audit or time summaries for the six (6) months preceding the time of this incident accomplished or created by Defendant in reference to the record of submitted by Farrukhbek Kosimov.

23. Any and all agreements, contracts or written arrangements in effect on the date of the incident between the Defendant driver and Defendant including, but not limited to, any contracts to perform transportation services on behalf of Defendant by the Defendant driver or other persons relative to the Defendant driver's operations in the possession of the Defendant. This specifically includes any owner/operator, sale or leasing of truck(s), tractor(s) and/or trailer(s) documents between Defendant and the Defendant driver or other persons in reference to the equipment operated by or services performed by the Defendant driver.

24. All written materials, company manuals, company issued rules and regulations, directives, notices or posted notices in effect on the date the incident occurred created or utilized by Defendant in controlling or directing it's drivers' operations, work, activities, job performance, timely pickup and delivery of cargo, safety or compliance with regulations inclusive of any educational materials in reference to the Federal Motor Carrier Safety Regulations and any

16

Defendant Motor Carrier Fleet Vehicular Safety program materials in place and effective on the date this incident occurred.

25. Any and all computer or otherwise generated documents and materials in reference to the daily, weekly or monthly operations of the Defendant driver and/or the vehicles he operated, on behalf of or while employed by or contracted with Defendant, inclusive of tractor(s), truck(s) and trailer(s) maintenance, operational and dispatch generated data showing trips made or loads transported for the six (6) months preceding the time of this incident by the Defendant driver.

26. Any and all written instructions issued to the Defendant driver by Defendant in reference to completion of company reports, drivers trip reports, drivers record of duty status (logs) or time records, routes to travel or when drivers were required to call in, inclusive of any other instructional documents relating to trips or loads transported by driver on behalf of Defendant.

27. Any and all state tractor and/or trailer fuel or cab cards, state prorate registrations or state vehicle registrations in the possession of the Defendant and applicable to the operation of the tractor and trailer seven days prior to the subject collision.

28. All motor carrier transportation scheduling, dispatch, load or operational daily summaries generated by the Defendant from the date of the collision and six (6) months prior thereto relative to the operations of the Defendant driver. This specifically includes any documents showing information such as the load assigned, equipment number, date of cargo pick up delivery, name of cargo shippers/receivers, drivers, dates of transport or other motor carrier organizations and/or Defendant's drivers assigned to transport cargo on behalf of other motor carriers (trip leasing).

29. A copy of any disciplinary records, reports, recommendations or measures taken

17

against the Defendant driver as a result of this collision.

30.    Please produce a copy of all weight tickets, weight tickets for any goods and/or pallets that were on the trailer being towed by the Defendant driver on May 3, 2021.

31.    Please produce a copy of any and all labels, bills of lading, or any documentation showing the weight and/or description of all goods being transported by the Defendant driver on May 3, 2021.

32.    Copies of all photographs taken by the Defendant driver as a result of the subject collision.

33.    Copies of preventability studies performed by this Defendant regarding the subject collision.

34.    Copies of all accident kits used or completed by the Defendant driver as a result of the subject collision.

35.    Copies of any and all employee manuals, employee guidelines, safety manuals, training materials given to Farrukhbek Kosimov.

36.    Copies of any and all dash cam videos for the vehicle being operated by Farrukhbek Kosimov for the date of the accident made the basis of this suit.

s/Steven Cole
Steven Cole
E-mail: steven@mannpotter.com
Attorney Code: COL179

Attorney for Plaintiff
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

18

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE; SADIE GAITHER;               )
                                           )
      Plaintiffs,                          )
                                           )
v.                                         )   CIVIL ACTION NO.:
                                           )
FARRUKHBEK KOSIMOV; et al.,                )
                                           )
      Defendants.                          )

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT FARRUKHBEK KOSIMOV

COME NOW the Plaintiffs in the above-styled cause, and requests that the Defendant, FARRUKHBEK KOSIMOV, answer the following interrogatories within the time required by the Alabama Rules of Civil Procedure. In addition, the plaintiff requests that the defendant attach a copy of each and every document referred to in any of the interrogatories or in the defendant's answers thereto.

NOTE A: These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information by this defendant or this defendant's attorney subsequent to your original response. Any such supplemental answers are to be filed and served upon counsel for plaintiffs within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

### INTERROGATORIES

1.    State your correct name, address, date of birth, social security number and drivers license number for any license you have ever held.

2.    Please identify, by giving the name, address, and last known telephone number, each and every person known to you to have firsthand knowledge of the events and conditions set out in the Complaint.

3.    Please identify each and every witness you intend to call at the trial of this cause, including the substance of his or her expected testimony.

4.    With respect to any witnesses whom you will or may call as experts to give testimony at the trial of this matter, please state the following:

    a.    his/her name, address, and telephone number;

    b.    the name, address, and telephone number of his/her employer or the organization with which he/she is associated in any professional capacity;

    c.    the field in which he/she is to be offered as an expert;

    d.    a summary of his/her qualifications within the field in which he/she is expected to testify;

    e.    the substance of the facts to which he/she is expected to testify; and

    f.    the substance of the opinions to which he/she is expected to testify and a summary of the grounds for each opinion.

5.    State whether or not at the time of the occurrence complained of herein there was an insurance agreement or agreements in existence under which any person carrying on an insurance business may be liable to satisfy part of all of any judgment which may be entered in this action or to indemnify or reimburse any payments made by you to satisfy any such judgment. If so, please state the following with regard to each person or entity who entered into an insurance agreement with you:

    a.    the name and mailing address of the person or entity;

    b.    the applicable policy number(s);

    c.    the term(s) of the policy(s).

2

6.     If the driver of said vehicle was performing a mission, errand or duty for any one whatsoever, state the nature of same and give the name and address of the person or entity for whom said mission, errand or duty was being performed.

7.     Describe how the accident occurred specifically and in detail with reference to the contour of the land, the traffic controls located at or near the scene, the grade or curve of the road, highway or intersection and any physical structures located within 500 feet of point of contact.

8.     State where the motor vehicle in which the plaintiff was riding was located with reference to the point of impact when the driver of the defendant's vehicle first observed same immediately thereto.

9.     State specifically and in detail exactly how the collision made the basis of this suit occurred and describe:

        a.     where you were coming from;

        b.     the total elapsed time of your trip to the point of the impact alleged in the Complaint;

        c.     whether anyone accompanied you on this trip and if so their identity, address and phone number;

        d.     the cargo you were transporting;

        e.     the time of the collision described in the Complaint;

        f.     each driving maneuver you made from one mile prior to the collision until the collision alleged in the Complaint;

        g.     the identity of your destination;

        h.     all stops made during the trip on the date of the collision made the basis of

3

this suit; and

I.  all fuel purchases, food or beverages made on the date of the collision made the basis of this suit.

10.  If any of the occupants of any of the vehicles involved in the collision made the basis of this suit were intoxicated, drinking intoxicating beverages, or had taken any prescription or non-prescription drug(s) at the time of said collision, give the full name and address of each person who was drinking, intoxicated, impaired or had consumed any alcoholic beverage or drugs and identify the quantities consumed.

11.  If the brakes were applied on the defendant's vehicle prior to collision, state in your best judgment the speed in miles per hour said vehicle was traveling at the time said brakes were applied and the number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred.

12.  Regarding your employment at the time of the accident made the basis of this suit, please state:

a.  The name and address of your employer(s);

b.  The name of your supervisor;

c.  The date you began employment;

d.  Whether you are still an employee;

e.  If not, the reason you are no longer an employee;

f.  Your work schedule for the date of the accident made the basis of this suit.

13.  Please list each medication you took during the six (6) months preceding the collision made the basis of this suit and include:

4

a.　　the name of the medication;

b.　　the name of the pharmacy or location it was purchased;

c.　　the dosage and frequency of use;

d.　　the doctor or nurse practitioner who prescribed the medication;

e.　　whether you ever suffered any adverse effects from taking any medication and if so, the name of the medicine and adverse reaction.

14.　　Please state specifically and in detail the nature and condition of the weather at the time of the accident made the basis of this suit.

15.　　Please state your cell phone number on the date of the subject collision, the name of the provider of your cell phone service including the name of the person who owns the account.

16.　　Were you using your cell phone in any shape form or fashion at the time of the accident made the basis of this suit?

17.　　Were you using any electronic devices at the time of or within thirty (30) minutes of the subject collision? If yes, please describe the device and how you were using it.

18.　　Did you ever talk to the Plaintiff after the subject accident? If so, please describe all communications.

19.　　What was your speed at the time of the subject accident?

20.　　What was the speed of the Plaintiff at the time of the subject accident?

21.　　Where did the point of impact occur between your vehicle and the vehicle being occupied by the Plaintiff?

22.　　Did you complete any accident kits and/or take any photographs of the accident scene? If so, to whom did you provide these items and who is currently in possession of said

5

information and please provide a copy of same.

23. What was the policy and procedure of your employer if you are involved in an accident?

24. Did you submit to a drug and alcohol test after the accident? If so, what was the name and address of the doctor, hospital, clinic and/or medical facility?

25. Did you provide notice to your employer of the subject accident? If so, how did you provide notice and who did you first contact?

26. Describe all communications you had or heard between yourself, the Plaintiff, witnesses, emergency personnel, investigation police authorities, bystanders, or others, regarding any matter related to the collision incident and provide with specificity what was said, by whom and what you stated.

27. Please list each and every thing the Plaintiff did to cause and/or contribute to cause this accident.

28. Are you familiar with the Federal Motor Carrier Safety Regulations?

29. Are you familiar with the Alabama Commercial Drivers License Manual?

30. Did Vamar, Inc. and/or Ryder Truck Rental, LT provide you with a safety manual while operating their vehicles?

31. Did you violate any of Vamar, Inc. and/or Ryder Truck Rental, LT's safety regulations at or before the crash made the basis of this suit? If so, please list those violations.

32. Were you disciplined by Vamar, Inc. and/or Ryder Truck Rental, LT as a result of the crash made the basis of this suit? If so, what discipline did you receive.

33. Did you fill out any type of incident / accident report pursuant to an employee

6

manual or handbook for your employer regarding the subject accident? If so, please describe.

34. Did you take any photographs of the damage to your vehicle and/or of the vehicle occupied by the Plaintiffs pursuant to any manuals provided to you by your employer?

35. How did you communicate with Vamar, Inc. and/or Ryder Truck Rental, LT whether by cell phone, Qualcomm, etc. while operating the subject vehicle.

s/Steven Cole
Steven Cole
E-mail: steven@mannpotter.com
Attorney Code: COL179

Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

7

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE; SADIE GAITHER; )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO.:
)
FARRUKHBEK KOSIMOV; et al., )
)
    Defendants. )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## TO DEFENDANT, FARRUKNBEK KOSIMOV

COME NOW the Plaintiffs and pursuant to A.R.C.P. 34 requests that Defendant,

FARRUKHBEK KOSIMOV, produce within thirty (30) days at Mann & Potter, P.C., Suite 250,

600 University Park Place, Birmingham, Alabama 35209, the following documents:

NOTE A: This request for production shall be deemed continuing so as to require

supplemental responses upon receipt of additional information by this defendant or this defendant's

attorney subsequent to your original response. Any such supplemental responses are to be filed

and served upon counsel for plaintiffs within thirty (30) days from receipt of such additional

information, but not later than the first of the trial of this case.

### REQUESTS

1.    Produce a copy of each and every insurance agreement under which any person

carrying on an insurance business or entity carrying on an insurance business may be liable to

satisfy part of or all of a judgment which may be entered in this action or to indemnify or reimburse

for payments made to satisfy any judgment rendered in this action. This should include any

primary and excess insurance policies and should include all portions of the policy including, but

not limited to, the declarations page or pages.

2.     Any and all photographs, or motion pictures of persons, places, or things involved in the events and/or conditions made the basis of this lawsuit, including the scene of said occurrence.

3.     Any and all documents, records, writings, audio tapes, video tapes, films, graphs, charts or any other tangible material which may be offered as evidence at the trial of this case or which may be used in any way during the trial.

4.     Any and all accident investigations, reports, memoranda, correspondence, etc., which relate to the accident made the basis of this suit.

5.     A copy of each expert witness' curriculum vitae.

6.     Each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

7.     Produce each and every document pertaining to damage sustained by the vehicle involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

8.     Produce copies of any and all resumes' or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

9.     Produce a copy of any and all statements, whether oral, taped with or without knowledge, recorded or written, taken of the Plaintiff or any member of the Plaintiff's family at any time.

10.     Please provide a copy of your cell phone bill and/or records for May 3, 2021.

11.     Please produce a copy of any and all employee manuals, handbooks, safety

2

guidelines that were given to you by your employer that were in effect at the time of the subject accident.

s/Steven Cole
Steven Cole
E-mail: steven@mannpotter.com
Attorney Code: COL179

Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**

3

ELECTRONICALLY FILED
9/7/2022 8:19 AM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| NATHAN POOLE; SADIE GAITHER; | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| FARRUKHBEK KOSIMOV; et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF TAKING DEPOSITION

Please take notice that at a time and date to be determined, at Mann & Potter, P.C., 600

University Park Place, Suite 250, Birmingham, Alabama, the Plaintiff will take the deposition of

**FARRUKHBEK KOSIMOV** upon oral examination pursuant to Rule 30 of the Alabama Rules

of Civil Procedure, for the purpose of discovery, or for use as evidence in this action, or for both

purposes, before a court reporter, a Notary Public, or before some other officer authorized by law

to administer oaths.

Respectfully Submitted,

s/Steven Cole
Steven Cole
E-mail: steven@mannpotter.com
Attorney Code: COL179

Attorney for Plaintiffs
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

cc: Birmingham Reporting Service

**PLEASE SERVE ALL DISCOVERY, ALONG WITH THE SUMMONS AND COMPLAINT, BY CERTIFIED MAIL.**



AlaFile E-Notice

03-CV-2022-901131.00

To: R. STEVEN COLE
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:     11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

███████████████████████

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:     11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:     11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



USPS CERTIFIED MAIL



9214 8901 7301 4103 2200 0698 48

251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

**03-CV-2022-901131.00**

To: FARRUKHBEK KOSIMOV
571 24TH AVENUE
UNIT 5
SAN FRANCISCO, CA 94121

# NOTICE OF ELECTRONIC FILING

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
### 03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:   11/2/2022 11:23:27 AM

**GINA J. ISHMAN**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36104

334-832-1260



AlaFile E-Notice

To: POTTER JOHN ROBERT
robert@mannpotter.com.

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:     11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date:     11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following alias summons was FILED on 11/2/2022 11:23:27 AM

Notice Date: 11/2/2022 11:23:27 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34 Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-901131.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL

**NOTICE TO:** FARRUKHBEK KOSIMOV, 571,24TH AVENUE UNIT 5, SAN FRANCISCO, CA 94121

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), R. STEVEN COLE

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 600 UNIVERSITY PARK PLACE, SUITE 250, BIRMINGHAM, AL 35209

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of POOLE NATHAN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 11/02/2022 | /s/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　/s/ R. STEVEN COLE

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____

*(Date)*

_____
*(Address of Server)*

_____
*(Type of Process Server)*

_____
*(Server's Signature)*

_____
*(Server's Printed Name)*

_____
*(Phone Number of Server)*

ELECTRONICALLY FILED
11/2/2022 1:58 PM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| NATHAN POOLE; SADIE GAITHER, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) **CASE NO.: 03-CV-2022-901131.00** |
| | ) |
| **FARRUKHBEK KOSIMOV,** | ) |
| **VAMAR, INC., RYDER TRUCK** | ) |
| **RENTAL LT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Ryder Truck Rental LT ("Ryder"), by and through its undersigned counsel of record, and hereby amends its Answer to Plaintiffs' Original Complaint, and states as follows:

### Parties

1.    Defendant Ryder admits the allegations in this paragraph.

2.    Defendant Ryder admits the allegations in this paragraph.

3.    Defendant Ryder admits the allegations in this paragraph.

4.    Defendant Ryder admits the allegations in this paragraph.

5.    No response to this paragraph is required.

### Facts

6.    Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

7.    Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

8.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

9.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

10.      No response to this paragraph is required.

11.      Defendant Ryder denies the allegations in this paragraph and its subparts and demands strict proof thereof.

## COUNT I

### Negligence

12.      No response to this paragraph is required.

13.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

14.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

15.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT II

### Wanton and Reckless Conduct

16.      No response to this paragraph is required.

17.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

18.      Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

2

19. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT III

### Negligent, Recklessness and/or Wanton Violations of Rules of the Road

20. No response to this paragraph is required.

21. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

22. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT IV

### Negligent Entrustment

23. No response to this paragraph is required.

24. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

25. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

26. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT V

### Negligent and/or Wanton Hiring, Training and Supervision

27. No response to this paragraph is required.

28. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

3

29. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

Defendant Ryder further denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the responses to Plaintiffs' specific allegations, Defendant Ryder also pleads the following affirmative defenses:

## FIRST DEFENSE

Defendant Ryder denies the material allegations in the complaint and demands strict proof thereof.

## SECOND DEFENSE

Defendant Ryder pleads the general issue.

## THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

## FOURTH DEFENSE

Defendant Ryder pleads the contributory negligence of the Plaintiffs and/or of another person with whom one or both of them was engaged in a joint enterprise at the time of the accident.

## FIFTH DEFENSE

Any damage suffered by the Plaintiffs was proximately caused by the tortious acts or omissions of a third party over whom Defendant Ryder has or had no control.

## SIXTH DEFENSE

Defendant Ryder pleads the failure of the Plaintiffs to mitigate their damages.

4

## SEVENTH DEFENSE

Defendant Ryder pleads the applicable statute of limitations.

## EIGHTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because he voluntarily assumed a known a risk.

## NINTH DEFENSE

Defendant Ryder pleads intervening and/or superseding negligence.

## TENTH DEFENSE

Defendant Ryder pleads sudden emergency.

## ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant Ryder under the Constitution of the United States of America.

## TWELFTH DEFENSE

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant Ryder's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to Defendant Ryder under the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution

5

in that punitive damages are vague and not rationally related to any legitimate government concerns or interest.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to Defendant Ryder under the Sixth Amendment to the United States Constitution in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

## FIFTEENTH DEFENSE

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, yet compel Defendant Ryder to disclose potentially incriminating documents and evidence.

## SIXTEENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, by requiring a burden of proof by the Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be an "excessive fine" in violation of the Eighth Amendment to the United States Constitution and Article I, section 15 of the Alabama Constitution.

6

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellate review of awards of punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently

7

objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which states that said damages shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

Respectfully submitted this the 17th day of October 2022.

/s/ Brett A. Ross
Brett A. Ross                ROS024

/s/ Adelaide E. Beckman
Adelaide E. Beckman        BEC040

*Attorneys for Defendant Ryder Truck Rental, LT*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 FAX
bross@carrallison.com
abeckman@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading to the below named attorneys of record by using the e-file system on this the 2nd day of November, 2022:

Robert Potter
Steven Cole
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, Alabama 35209
robert@mannpotter.com
steven@mannpotter.com

8

Hunter Scott Garnett
100 Jefferson Street South, Suite 300
Huntsville, Alabama 35801
hunter@huntsvillecaraccidentlawyers.com
hunter@gpinjurylaw.com

> */s/ Adelaide E. Beckman*
> OF COUNSEL

9



AlaFile E-Notice

To: ADELAIDE E. BECKMAN
abeckman@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: KOSIMOV FARRUKHBEK (PRO SE)
571 24TH AVENUE
UNIT 5
SAN FRANCISCO, CA, 94121-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date: 11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:      11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 1:58:38 PM

Notice Date:     11/2/2022 1:58:38 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
11/2/2022 2:00 PM
03-CV-2022-901131.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| NATHAN POOLE; SADIE GAITHER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO.: 03-CV-2022-901131.00 |
| | ) |
| FARRUKHBEK KOSIMOV, | ) |
| VAMAR, INC., RYDER TRUCK | ) |
| RENTAL LT, WABASH NATIONAL | ) |
| SERVICES, L.P., et al., | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant Ryder Truck Rental LT ("Ryder") and in Answer to Plaintiffs'

Amended Complaint, states as follows:

### Parties

1. Defendant Ryder admits the allegations in this paragraph.

2. Defendant Ryder admits the allegations in this paragraph.

3. Defendant Ryder admits the allegations in this paragraph.

4. Defendant Ryder admits the allegations in this paragraph.

5. Defendant Ryder admits the allegations in this paragraph.

6. No response to this paragraph is required.

### Facts

7. Defendant Ryder denies the allegations in this paragraph and demands strict proof

thereof.

8. Defendant Ryder denies the allegations in this paragraph and demands strict proof

thereof.

9. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

10. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

11. No response to this paragraph is required.

12. Defendant Ryder denies the allegations in this paragraph and its subparts and demands strict proof thereof.

## COUNT I

### Negligence

13. No response to this paragraph is required.

14. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

15. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

16. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT II

### Wanton and Reckless Conduct

17. No response to this paragraph is required.

18. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

19. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

2

20. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT III

### Negligent, Recklessness and/or Wanton Violations of Rules of the Road

21. No response to this paragraph is required.

22. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

23. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT IV

### Negligent Entrustment

24. No response to this paragraph is required.

25. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

26. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

27. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

## COUNT V

### Negligent and/or Wanton Hiring, Training and Supervision

28. No response to this paragraph is required.

29. Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

3

30.   Defendant Ryder denies the allegations in this paragraph and demands strict proof thereof.

Defendant Ryder further denies that Plaintiffs are entitled to the relief requested in the *ad damnum* clause of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the responses to Plaintiffs' specific allegations, Defendant Ryder also pleads the following affirmative defenses:

## FIRST DEFENSE

Defendant Ryder denies the material allegations in the complaint and demands strict proof thereof.

## SECOND DEFENSE

Defendant Ryder pleads the general issue.

## THIRD DEFENSE

The Plaintiffs' claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

## FOURTH DEFENSE

Defendant Ryder pleads the contributory negligence of the Plaintiffs and/or of another person with whom one or both of them was engaged in a joint enterprise at the time of the accident.

## FIFTH DEFENSE

Any damage suffered by the Plaintiffs was proximately caused by the tortious acts or omissions of a third party over whom Defendant Ryder has or had no control.

## SIXTH DEFENSE

Defendant Ryder pleads the failure of the Plaintiffs to mitigate their damages.

4

## SEVENTH DEFENSE

Defendant Ryder pleads the applicable statute of limitations.

## EIGHTH DEFENSE

Some or all of the Plaintiffs' claims are partially or completely barred because he voluntarily assumed a known a risk.

## NINTH DEFENSE

Defendant Ryder pleads intervening and/or superseding negligence.

## TENTH DEFENSE

Defendant Ryder pleads sudden emergency.

## ELEVENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant Ryder under the Constitution of the United States of America.

## TWELFTH DEFENSE

The Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant Ryder's rights to procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under the Alabama Constitution, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to Defendant Ryder under the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution

5

in that punitive damages are vague and not rationally related to any legitimate government concerns or interest.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safeguards provided to Defendant Ryder under the Sixth Amendment to the United States Constitution in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards afforded to criminal defendants.

## FIFTEENTH DEFENSE

It is violative of the Self Incrimination Clause of the Fifth Amendment to the United States Constitution and Article I, section 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, yet compel Defendant Ryder to disclose potentially incriminating documents and evidence.

## SIXTEENTH DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose punitive damages, which are penal in nature, by requiring a burden of proof by the Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would be an "excessive fine" in violation of the Eighth Amendment to the United States Constitution and Article I, section 15 of the Alabama Constitution.

6

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights of ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by: (1) failing to provide sufficiently objective and specific standards by which a jury may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-tortfeasors; (5) by failing to provide sufficiently clear, objective and specific standards for appellate review of awards of punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently

7

objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTIETH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which states that said damages shall not exceed three times the compensatory damages or $1,500,000, whichever is greater.

Respectfully submitted this the 17th day of October 2022.

/s/ Brett A. Ross
Brett A. Ross     ROS024

/s/ Adelaide E. Beckman
Adelaide E. Beckman     BEC040

*Attorneys for Defendant Ryder Truck Rental, LT*

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 FAX
bross@carrallison.com
abeckman@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading to the below named attorneys of record by using the e-file system on this the 2nd day of November, 2022:

Robert Potter
Steven Cole
Mann & Potter, P.C.
600 University Park Place, Suite 250
Birmingham, Alabama 35209
robert@mannpotter.com
steven@mannpotter.com

8

Hunter Scott Garnett
100 Jefferson Street South, Suite 300
Huntsville, Alabama 35801
hunter@huntsvillecaraccidentlawyers.com
hunter@gpinjurylaw.com

/s/ Adelaide E. Beckman
OF COUNSEL



AlaFile E-Notice

03-CV-2022-901131.00

To: ADELAIDE E. BECKMAN
abeckman@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: KOSIMOV FARRUKHBEK (PRO SE)
571 24TH AVENUE
UNIT 5
SAN FRANCISCO, CA, 94121-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: VAMAR, INC. (PRO SE)
C/O NODIRAKHON KADIROVA

███████████████████████

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date: 11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

To: WABASH NATIONAL SERVICES, L.P. (PRO SE)
C/O CORPORATE CREATIONS
4000 EAGLE POINT CORP DR
BIRMINGHAM, AL, 35242-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: COLE RICHARD STEVEN
steven@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: POTTER JOHN ROBERT
robert@mannpotter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: GARNETT HUNTER SCOTT
hunter@gpinjurylaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date: 11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-901131.00

To: ROSS BRETT ALAN
bross@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

NATHAN POOLE ET AL V. FARRUKHBEK KOSIMOV ET AL
03-CV-2022-901131.00

The following answer was FILED on 11/2/2022 2:00:24 PM

Notice Date:     11/2/2022 2:00:24 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260